## Mart Davis v. The State.

*No. 1212.  Decided January 21st, 1897.*

1. **Robbery by Threatening to do an Illegal Act—Construction of Statutes.**

   By Penal Code, Art. 857, robbery is also constituted, "if any person, by threatening to do some illegal act, injurious to the character, person or property of another, shall fraudulently induce the person so threatened to deliver to him any property with intent to appropriate the same to his own use," etc. Held: The act threatened must be an illegal act; the threat to do an act which is legitimate does not constitute the offense.

**2. Same.**

A threat to accuse a person of an offense, to put him in jail, and to prosecute him for such offense (as, for instance, unlawfully carrying a pistol) where such person is guilty of that offense, and the party making the threat knows he is guilty, though he may not have seen the unlawful act committed, is not a threat to do an illegal act and the obtaining by the accused of money thereby was not robbery under Article 857.

APPEAL from the District Court of Tarrant. Tried below before Hon. W. D. HARRIS.

Appeal from a conviction for robbery by threatening to do an illegal act, etc.; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*Lattimore & Roy,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of robbery, under Art. 857, Penal Code, 1895, and given two years in the penitentiary; hence this appeal. The statute on this subject provides: "If any person by threatening to do some illegal act, injurious to the character, person or property of another, shall fraudulently induce the person so threatened to deliver to him any property, with intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary, not less than two nor more than five years." A number of assignments of error are contained in the record, but we will only notice such as we deem necessary to a proper decision of this case. The testimony for the State tends to show that the prosecutor, Little All-right, on the night in question, had taken a room at the house of a lewd woman in Fort Worth, and that he had a pistol, and while there displayed the same. He put it under the head of the bed, and subsequently was awakened by the appellant, who had taken the pistol from under the head of the bed, and accused prosecutor of carrying the same, and made him get up. He told the prosecutor that he was going to carry him to jail, and told him that he would turn him loose if he would pay him $15. The prosecutor finally agreed to pay him $5, and paid $2.50, and agreed to pay him $2.50 the next day at a point designated; that the defendant was to give him his pistol at that time. The prosecutor met defendant at said place, and paid him the $2.50, but the defendant said he did not have the pistol. Appellant himself testified that he saw the prosecutor with the pistol that night in the room with Rosa Allen, while concealed behind the wardrobe, and the prosecutor at that time flourished the pistol around; that he crawled under the bed and went to sleep. After both the parties were asleep, defendant took Allright's pistol from under his head, and told him he was going to carry him and turn him over to the officers, and he would about go to jail, or the calaboose, and he begged the defendant not to do so; that he did not receive any money from the prosecutor and offered to restore him his pistol, but the prosecutor told him he did not want it, as it had gotten him into too much trouble already. The court charged

the jury, in substance, that, if prosecutor carried the pistol in the presence of the defendant, he, as a private person, had the right to arrest him and take him before the nearest magistrate, and, if he did no more, then to acquit him. The court further charged the jury that, "if the defendant did threaten to arrest or to accuse and prosecute one Little Allright for or on the charge of unlawfully carrying a pistol on or about his person, and that the said Little Allright had not then or theretofore unlawfully carried a pistol in the presence of the defendant, and you further find from the evidence that the defendant, by such threat, did fraudulently induce the said Allright to deliver to the defendant $2.50 in money, * * * to find him guilty." And further instructed the jury that, "if they believed that the defendant threatened to place the said Little Allright in jail, and that by means of such threat to place him in jail, did fraudulently induce the said Little Allright to deliver to him, the said defendant, the said $2.50 in money, * * * to find him guilty." Now, the appellant objects to these charges on the ground that the court took from the jury the right to pass upon whether or not the acts stated were injurious to the character, person or property of the prosecutor. While we believe that the court has a right to assume that an illegal placing of a person in jail, or a threat to place a person in jail, is injurious to the person and character of such party; on the other hand, the threat to do these things, if they were legal, is not a threat to do some illegal act injurious to the character, person, or property of another. If the proof shows, and there was testimony in the case tending in that direction, that appellant saw the prosecutor, Allright, carrying a pistol, and the proof further showed that he was a peace officer, which in this case it does not do, unquestionably appellant, under such circumstances, had the right to arrest the prosecutor and take him before the nearest magistrate. The appellant, however, cannot complain because the court gave him authority to make an arrest, which, in our opinion, under the statute, pertains solely to a peace officer; that is, the charge of the court in this respect, gave him the same right to make an arrest as if he was at the time a peace officer. The court, however, in this connection, in effect, instructed the jury that, if the defendant threatened to accuse and prosecute Allright for unlawfully carrying a pistol, unless the said Allright had carried the pistol in his presence, his threat was to do an unlawful act; and, if by such threat, he induced the said Allright to deliver to him the said $2.50, to find him guilty. Now, we do not understand that the threat to accuse a person of an offense and to prosecute a person for an offense, when such person is guilty of that offense, and the party making the threat knows he is guilty, although he may not have seen the unlawful act committed, is a threat to do an illegal act. As we understand the statute, the act threatened must, in itself, be an unlawful act. If the obtaining of the property is by threatening to do an act perfectly legitimate, there is no offense committed. So it follows, if the appellant had a legal right to accuse and to prosecute Allright on information for carrying a pistol,

37th Tex. Crim. Rep.—4.

his threat was not to do an illegal act, and the statute says that the act must be illegal. In the view we take of it, the evidence certainly established that, if appellant did not actually see Allright carrying the pistol, he knew from information that he was carrying it; and the fact that he was illegally carrying a pistol cannot be gainsaid. So the appellant had a legal right to accuse and prosecute Allright for carrying said pistol, although he may not have seen it, and his threat to so accuse and prosecute was not a threat to do an illegal act, and the obtaining of money thereby was not robbery under this article of our Penal Code. The court committed error in instructing the jury that it was robbery. It is not necessary to discuss the other assignments of error. The judgment is reversed, and the cause remanded.

*Reversed and Remanded.*