### H. S. SCALES v. THE STATE.

No. 1314. Decided February 21, 1912.

**1.—Robbery—Indictment—Statutes Construed.**

Under article 857, Penal Code, the indictment must negative that the person injured is guilty of an offense, and must allege the constituent elements of the same.

**2.—Same—Case Stated.**

Where defendant was indicted for robbery under article 857, Penal Code, and the indictment alleged that the illegal act was adultery, and did not negative the fact that the said alleged injured parties were guilty of adultery, and did not allege the constituent elements of that offense, the same was bad on motion to quash.

Appeal from the District Court of Jones.  Tried below before the Hon. Jno. B. Thomas.

Appeal from a conviction of robbery; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Woodruff & Woodruff* and *J. B. McMahan* and *Chapman & Combs,* for appellant.—On question of insufficiency of indictment: Calcoat v. State, 37 Texas Crim. Rep., 245; Cosgrove v. State, id., 249; Williams v. State, 51 Texas Crim. Rep., 1, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of robbery under article 857 of the Penal Code.  An inspection of this article will show that this peculiar species of robbery is by means of threatening to do some illegal act whereby something of value is secured from the threatened party.  The language used by appellant was directed to W. W. Green, and is as follows: "Unless you pay us five hundred dollars we will ruin your character and also the girl's character, and prosecute you."  Upon this language the charging part of the indictment is as follows:  Appellant "did then and there unlawfully threaten to do an illegal act injurious to the character of W. W. Green, to wit:  The said H. S. Scales did then and there threaten and say to W. W. Green in substance:  Unless you (meaning thereby W. W. Green) pay us five hundred dollars (meaning by the word 'us' H. S. Scales, F. M. Grundy and S. A. Haney), we will ruin your character and also the girl's character, and prosecute you (meaning by the word 'girl' Miss Eva Kiker, and meaning by the term ruin your character and prosecute you, that the said H. S. Scales and the said F. M. Grundy and the said S. A. Haney would unlawfully and wrongfully accuse the said W. W. Green and Miss Eva Kiker of illicit carnal intercourse, and that they would unlawfully and wrongfully prosecute the said W. W. Green and Miss Eva Kiker for the offense of adultery, the said W. W. Green being then and there a married man).  And the said H. S. Scales did then and there by means of said threat to do said illegal act, fraudulently induce the said W. W. Green to deliver to him, the said H. S. Scales, and his confederates, the said F. M. Grundy and S. A. Haney, three hundred dollars in current lawful money of the United States of America, a better description of which is unknown to the grand jury and can not be given, the said money then and there being the corporeal personal property of the said W. W. Green, and with intent then and there on the part of him, the said H. S. Scales, to deprive the said W. W. Green of the value thereof, and with intent on the part of him, the said H. S. Scales to appropriate the same to his own use and benefit."

1. Motion to quash and motion in arrest of judgment were presented and urged in the court below, which motions were overruled. These motions attacked the indictment, first, because the same does not allege that appellant and his confederates falsely accused W. W. Green and Miss Eva Kiker either of having illicit carnal intercourse with one another, or of the offense of adultery; second, because the indictment charges that appellant and his confederates threatened to prosecute Green for the offense of adultery, and nowhere negatived the fact that said Green and Miss Kiker were guilty of adultery, and the constituent elements of adultery are not alleged in the indictment. It is also insisted, in this connection, that while the indictment alleges that Green was a married man, it does not allege that Eva Kiker was not the wife of Green, which would be an essential element in an indictment for adultery. The indictment is further challenged because the innuendo averments are not justified by the language attributed to appellant, and the words used do not naturally or indirectly charge that Green and Miss Kiker were living in adultery, or were guilty of adultery. McCauley v. State, just decided on last objection. We are of opinion these positions are correct. In Davis v. State, 37 Texas Crim. Rep., 47, it was held that under article 857, a threat to accuse a person of an offense and to prosecute him for such offense, where the person is guilty of such offense, and the party making the threats knows he is guilty, though he may not have seen the unlawful act committed, is not a threat to do an illegal act, and the obtaining of money by the accused by this means was not robbery under article 857. To the same effect is Burnside v. State, 51 Texas Crim. Rep., 399.

In order then to constitute this a valid indictment, it should have alleged that appellant falsely accused Green and Miss Kiker of having illicit intercourse, if that was the substance of the charge, and also alleged they were not guilty of the offense of adultery, setting out the constituent elements of the offense of adultery, and then the falsity of the threatened act averred. This indictment does not negative the fact that said parties were guilty of adultery, nor are the constituent elements of the offense of adultery averred. It is a familiar rule of the criminal law and expressly so by statute that whatever must be proved or is necessary to be shown on the trial, must be alleged in the indictment. It would, therefore, be necessary on the trial of the case to show, to constitute this offense under the theory that it was a threatened illegal act, that if adultery was the illegal act mentioned, that the parties were not guilty of that offense, for if they were guilty, the threatened act was not illegal within contemplation of the statute. This being true, it was necessary for the indictment to aver all these matters. From Davis v. State, supra, the following quotation is made: "Now, we do not understand that the threat to accuse a person of an offense and to prosecute a person for an offense, when such person is guilty of that offense, and the party

making the threat knows he is guilty, although he may not have seen the unlawful act committed, is a threat to do an illegal act. As we understand the statute, the act threatened must, in itself, be an unlawful act. If the obtaining of the property is by threatening to do an act perfectly legitimate, there is no offense committed." In the Davis case from which this quotation is made, the accused threatened to accuse Allright with having unlawfully carried a pistol, and by means of threatening to prosecute him for such act obtained a certain amount of money from him. The evidence in that case was to the effect that Allright did carry a pistol. That case was reversed because not coming within the contemplation of article 857. Then it being necessary for the State by its evidence to bring the threatened act within the contemplation of the statute, the indictment must contain the necessary averments to show that the threatened act was false as well as to charge the constituent elements of the threatened act, if that threatened act would constitute a violation of the penal laws. We, therefore, hold the indictment is not sufficient.

The judgment is reversed and the prosecution is ordered dismissed.

*Dismissed.*

Prendergast, Judge, absent.