

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00212-CR

_____

THE STATE OF TEXAS, Appellant

V.

CHRISTOPHER CHARLES BROWN, Appellee

On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 23360

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss
Concurring Opinion by Justice Carter

OPINION

In its indictment, the State alleged that, on or about July 26, 2009, Christopher Charles Brown fled from Officer Ronnica Blake in a motor vehicle—a violation of Section 38.04 of the Texas Penal Code[1]—and that, in the process, Brown used or displayed a deadly weapon, that is, the motor vehicle. The deadly weapon allegation, if proven, would make the offense punishable as a third-degree felony. TEX. PENAL CODE ANN. § 12.35 (Vernon Supp. 2009).

Brown presented a two-fold attack on the indictment in the trial court, and the trial court quashed the indictment. On appeal, both issues are addressed by the State and by Brown. We

---

[1]The Texas Legislature amended Section 38.04 of the Texas Penal Code in the 2009 legislative session, changing the base offense under Section 38.04 from a class B to a class A misdemeanor and adding an additional ground for enhancement to a state-jail felony. House Bill 211 became effective September 1, 2009. Because the indictment here was returned and filed August 13, 2009, pre-amendment version of Section 38.04 applies, which provides, in pertinent part, as follows:

Evading Arrest or Detention

   (a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him.

   (b) An offense under this section is a Class B misdemeanor, except that the offense is:

      (1) a state jail felony if the actor uses a motor vehicle while the actor is in flight and the actor has not been previously convicted under this section;

      (2) a felony of the third degree if:

         (A) the actor uses a vehicle while the actor is in flight and the actor has been previously convicted under this section; or

          (B) another suffers serious bodily injury as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight; . . . .

See Act of May 27, 2009, 81st Leg., R.S., ch. 1400, § 4, 2009 Tex. Gen. Laws 4385, 4385–86 (prior version at TEX. PENAL CODE ANN. § 38.04 (Vernon 2003)).

therefore address both issues. We reverse the order quashing the indictment because (1) the indictment's deadly weapon allegation is appropriate, and (2) the indictment provides sufficient notice of the offense.

*(1)    The Indictment's Deadly-Weapon Allegation Is Appropriate*

The State contends it was improper to quash the deadly-weapon allegation in the indictment because the offense of evading arrest with a vehicle is susceptible to an affirmative deadly-weapon finding.[2]

We initially determine the appropriate standard of review to be employed when reviewing a trial court's decision to quash an indictment. The amount of deference appellate courts afford a trial court's rulings depends on which "judicial actor" is better positioned to decide the issue. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The sufficiency of an indictment is a question of law. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). Here, the decision of the trial court was based solely on the indictment, the motion to quash, and the argument of counsel. "When the resolution of a question of law does not turn on an evaluation of the credibility and demeanor of a witness, then the trial court is not in a better position to make the determination, so appellate courts should conduct a de novo review of the issue." *Id.* We therefore apply a de novo standard in our review of the trial court's decision to quash the indictment.

---

[2]The record before us indicates the indictment was quashed in its entirety.

Brown emphasizes the fact that the indictment fails to allege either of the contingencies permitting enhancement of the base offense under Section 38.04 to a third-degree felony.[3] Instead, Brown asserts, the language of the indictment attempts to enhance a state-jail felony to a third-degree felony by the "verbal trick" of using the same essential allegation—use of a vehicle—to upgrade the base class B misdemeanor to a state-jail felony. Brown claims this amounts to an impermissible double enhancement.

In support of his position that a deadly weapon allegation cannot be appended to an offense charged under Section 38.04, Brown notes that Section 38.04 does not include an enhancement provision based on the use of a deadly weapon. *See* TEX. PENAL CODE ANN. § 38.04. Brown further relies on the language of Section 38.03, which specifically includes a provision for enhancement based on the use of a deadly weapon.[4] TEX. PENAL CODE ANN. § 38.03 (Vernon 2003). Brown therefore contends that, in light of the inclusion of a deadly weapon enhancement in the preceding section of the statute, the Legislature did not intend such an enhancement to apply to Section 38.04.[5] *See* TEX. PENAL CODE ANN. § 38.04.

---

[3]Those contingencies include the use of a vehicle to flee when there has been a previous conviction under this section or when another is seriously injured as a direct result of the illegal flight. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A), (B).

[4]Section 38.03(d) provides that "an offense under this section is a felony of the third degree if the actor uses a deadly weapon to resist the arrest or search." TEX. PENAL CODE ANN. § 38.03(d).

[5]The enhancement provisions in Sections 38.03 and 38.04 increase the level of offense with which the accused is charged. TEX. PENAL CODE ANN. §§ 38.03, 38.04. The enhancement provisions of Section 12.35 increase the level of punishment, rather than the level of offense charged. *See* TEX. PENAL CODE ANN. § 12.35. To the extent that

4

When we interpret a statute, we look to the literal text for its meaning, and we ordinarily give effect to that plain meaning, unless the plain language is ambiguous or the application of the statute's plain language would lead to absurd consequences that the Legislature could not possibly have intended. *State v. Webb*, 12 S.W.3d 808, 811 (Tex. Crim. App. 2000); *Bunton v. State*, 136 S.W.3d 355, 363 (Tex. App.—Austin 2004, pet. ref'd). Section 38.04 of the Texas Penal Code does not contain language prohibiting a finding that a vehicle used by an individual while in flight is a deadly weapon. *See* TEX. PENAL CODE ANN. § 38.04. Moreover, Section 12.35(c)(1) refers generally to an individual adjudged guilty of a state-jail felony who uses or exhibits a deadly weapon during the commission of the offense or during immediate flight thereafter, making no exceptions for felonies where the use of a deadly weapon is an essential element of the offense. The language of Section 12.35 is not permissive; rather, it is mandatory. "An individual adjudged guilty of a state jail felony *shall* be punished for a third degree felony if it is shown at trial" that a deadly weapon was used or exhibited during the commission of the offense or immediate flight therefrom. TEX. PENAL CODE ANN. § 12.35(c)(1) (emphasis added).

The plain language of Section 12.35(c)(1) is neither ambiguous, nor does its application to the state-jail felony of evading arrest or detention by fleeing in a vehicle lead to absurd consequences that the Legislature could not have envisioned. Further, Texas caselaw supports the proposition that an affirmative finding of a deadly weapon is permitted even where the use of

these statutes deal with substantively different notions, i.e., range of punishment versus level of offense, such comparisons are largely inapposite.

5

the instrumentality characterized as a deadly weapon is an essential element of the committed offense.

Our sister court in Fort Worth addressed a similar issue. *See Martinez v. State*, 883 S.W.2d 771 (Tex. App.—Fort Worth 1994, pet. ref'd). Martinez was convicted of involuntary manslaughter for causing the victim's death as a result of driving while intoxicated. The jury found that Martinez used a deadly weapon—a vehicle—during commission of the offense. On appeal, Martinez argued that the deadly weapon finding violated his double jeopardy rights because the action constituting the use of the deadly weapon (driving a vehicle while intoxicated) was also an essential element of the charged offense. In rejecting this argument, the *Martinez* court recognized that the relevant statute made no exception for enhancement of felonies when the use of a deadly weapon is an essential element of the offense. The court concluded, "We see nothing that would lead us to any other conclusion but that the Legislature intended for the deadly-weapon provisions to apply in every felony case as the context of the law suggests." *Id.* at 774; *cf. Tyra v. State*, 897 S.W.2d 796, 798 (Tex. Crim. App. 1995) (stating that prior caselaw does not support "the proposition that the phrase 'used or exhibited a deadly weapon during the commission of a felony offense' necessarily means 'used or exhibited a deadly weapon during the commission of an offense which does not otherwise require the use or exhibition of a deadly weapon'"); *Patterson v. State*, 769 S.W.2d 938, 940 (Tex. Crim. App. 1989) (agreeing with lower court's conclusion that "all felonies are theoretically susceptible to an affirmative finding of use or

6

exhibition of a deadly weapon").

Likewise, in *Thomas v. State*, 2 S.W.3d 640 (Tex. App.—Dallas 1999, no pet.), Thomas claimed the trial court's failure to delete a deadly weapon allegation from the indictment was error because the same allegation was used to raise the charged offense from misdemeanor assault to felony assault under Section 22.02(a)(2) of the Texas Penal Code.[6]  In overruling this point of error, the court relied on the reasoning used in *Martinez*, finding it to be persuasive.  *Id.* at 643.

Section 12.35 of the Texas Penal Code makes no exception to the enhancement requirement where, as here, the instrumentality alleged to be a deadly weapon is also an essential element of the offense to be enhanced.  Moreover, we find the reasoning of *Martinez* to be persuasive and further find no authority to support the proposition that the deadly weapon allegation could not appropriately be appended to the indictment against Brown.  Accordingly, we overrule this point of error.

*(2)     The Indictment Provides Sufficient Notice of the Offense*

The State also contends that, because the indictment precisely tracked the statutory language of Sections 38.04 and 12.35(c)(1) of the Texas Penal Code, it provided Brown with sufficient notice of the offense with which he was charged.  As previously noted, Brown was indicted for evading arrest while using a motor vehicle, a state-jail felony under Section 38.04(b)(1) of the Texas Penal Code.  TEX. PENAL CODE ANN. § 38.04(b)(1).  In addition, the

---

[6]TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon Supp. 2009).

7

indictment alleged the use of a motor vehicle as a deadly weapon in the commission of the offense, making the offense punishable as a third-degree felony.[7]

The indictment against Brown consists of a cover page[8] and a second page containing a caption, three paragraphs of text, and the signature of the foreman of the grand jury.[9] Brown contends the indictment fails to allege facts which permit enhancement of the base offense to a

---

[7]Section 12.35 of the Texas Penal Code provides, in pertinent part:

> (c)    An individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that:
>
> (1)    a deadly weapon as defined by Section 1.07 was used or exhibited during the commission of the offense or during immediate flight following the commission of the offense, and that the individual used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited; . . . .

TEX. PENAL CODE ANN. § 12.35.

[8] The cover page lists the charge as "EVADING ARREST/DETENTION W/MOTOR VEHICLE, DEADLY WEAPON FINDING, TEXAS PENAL CODE, SECTION 38.04 3RD DEGREE, A TRUE BILL."

[9]The text of the indictment reads:

> In The Name and by the Authority of the State of Texas:
> The Grand Jurors of the County of Lamar, State aforesaid, duly organized as such at the July Term, A.D., 2009, of the District Court of the Sixth Judicial District for said County, upon their oaths in said Court present that CHRISTOPHER CHARLES BROWN on or about July 26, 2009 in Lamar County, Texas, anterior to the presentment of this indictment, did then and there intentionally flee, using a vehicle, from Ronnica Blake, knowing Ronnica Blake was a peace officer who was attempting to lawfully arrest or detain the Defendant,
>
> And it is further presented to said Court that a deadly weapon, to-wit: a motor vehicle, was used or exhibited during the commission of the felony offense and that the Defendant used or exhibited the deadly weapon.
>
> Against the peace and dignity of the State.

8

third-degree felony under Section 38.04 of the Texas Penal Code,[10] and further contends that Section 38.04 does not permit enhancement of the offense of evading arrest to a felony of the third degree for the use or exhibition of a deadly weapon. Accordingly, Brown concludes that the enhancement was apparently based on the deadly weapon enhancement provision in Section 38.03 of the Texas Penal Code.[11] The result, Brown says, is that the indictment is so unclear it fails to provide sufficient notice of the offense with which he has been charged, thus rendering the indictment defective. We disagree.

The Texas Constitution and Texas Code of Criminal Procedure require that an indictment provide an accused with adequate notice. TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.05 (Vernon 2005); *Curry v. State*, 30 S.W.3d 394, 398 (Tex. Crim. App. 2000), *overruled in*

---

[10]Section 38.04 permits enhancement to a third-degree felony when the actor uses a vehicle to flee and he or she has been previously convicted under this section or when another is seriously injured as a direct result of the actor's illegal flight. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A), (B).

[11]This section of the Code explicitly permits enhancement to a third-degree felony:

§ 38.03.    Resisting Arrest, Search, or Transportation

(a) A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another.

(b) It is no defense to prosecution under this section that the arrest or search was unlawful.

(c) Except as provided in Subsection (d), an offense under this section is a Class A misdemeanor.

(d) An offense under this section is a felony of the third degree if the actor uses a deadly weapon to resist the arrest or search.

TEX. PENAL CODE ANN. § 38.03.

*part on other grounds by Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001). This constitutional mandate requires that the charging instrument convey adequate notice from which the accused may prepare his or her defense. *Moff*, 154 S.W.3d at 601. Article 21.11 of the Texas Code of Criminal Procedure provides, in pertinent part:

> An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged . . . .

TEX. CODE CRIM. PROC. ANN. art. 21.11 (Vernon 2009).

The sufficiency of an indictment is a question of law reviewed de novo. *Moff*, 154 S.W.3d at 601. In determining whether a defendant has sufficient notice to prepare his or her defense, we must determine whether the charging instrument fails to provide all the requisites of "notice." *Olurebi v. State*, 870 S.W.2d 58, 61 (Tex. Crim. App. 1994). Subject to rare exceptions, not applicable here, an indictment which tracks the statutory language will satisfy constitutional and statutory notice requirements. *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998); *Tullous v. State*, 23 S.W.3d 195, 196 (Tex. App.—Waco 2000, pet. ref'd).

10

Here, the indictment tracks the language of Section 38.04. *See* TEX. PENAL CODE ANN. § 38.04. It is alleged that Brown intentionally fled—using a vehicle—from a peace officer who was lawfully attempting to arrest or detain him. If a vehicle is used to flee, and the alleged felon has not previously been convicted of evading arrest, the appropriate charge is that of a state-jail felony. *See id*. There are no other means to commit the offense other than what is outlined by statute and what is charged in the indictment.

Further, the indictment does not track the language of Section 38.03, which explicitly requires that the actor intentionally prevent or obstruct a peace officer from effecting an arrest by the use of force against the peace officer or another. *See* TEX. PENAL CODE ANN. § 38.03. No such allegations are set forth in the indictment. Hence, the language of the indictment does not provide any reasonable basis on which to conclude that it is, even in part, based on Section 38.03 of the Texas Penal Code.

Because the indictment alleged that Brown fled from Blake in his vehicle, the charge would be a state-jail felony, but for the allegation that Brown used his vehicle as a deadly weapon during the commission of the alleged felony. Consequently, the State used Section 12.35(c)(1) of the Texas Penal Code to seek to enhance punishment to that of a third-degree felony based on the deadly-weapon allegation. *See* TEX. PENAL CODE ANN. § 12.35(c)(1). The indictment alleges that a deadly weapon—a vehicle—was used or exhibited by Brown during the commission of the felony offense, or during the immediate flight following the commission of the felony. The

11

statute provides that a state-jail felony is punishable as a third-degree felony if a deadly weapon was "used or exhibited during the commission of the offense or during immediate flight following the commission of the offense . . . ."  TEX. PENAL CODE ANN. § 12.35(c)(1).  Because the indictment tracks the statutory language of Sections 38.04 and 12.35(c)(1), it satisfies the statutory and constitutional notice requirements.  *See Mays*, 967 S.W.2d at 406.

We overrule this point of error.

We reverse the order quashing the indictment and remand this case to the trial court for further proceedings.

Josh R. Morriss, III
Chief Justice


CONCURRING OPINION

The argument of Christopher Charles Brown is that the State has been allowed to enhance the punishment by proving a motor vehicle was used as a deadly weapon when the underlying offense also requires proof that a vehicle was used.  Proof of these two requirements is not the same.

The misdemeanor offense of evading arrest or detention is committed if the party flees; it becomes a state jail felony when the party uses a motor vehicle.  TEX. PENAL CODE ANN.

§ 38.04(a), (b)(1).[12] Theoretically a motor vehicle may be used in many ways—even if it is driven in a safe, uneventful manner, the offense would be a state jail felony. The allegation that the vehicle was used or exhibited as a deadly weapon requires much more proof. Since a motor vehicle is not manifestly designed to inflict injury, there must be proof that in the manner of its use or intended use, it was capable of causing death or serious bodily injury. TEX. PENAL CODE ANN. § 1.07(17) (Vernon Supp. 2009). As we have recently held, proof that a vehicle is capable of causing serious bodily injury requires a showing of actual danger such as another person being present at the same time and place when the defendant drove in a reckless manner. *Drichas v. State*, 219 S.W.3d 471, 476 (Tex. App.—Texarkana 2007, pet. ref'd).

In this case, proof that Brown merely used a vehicle, in some manner, when he fled from the peace officer would classify the offense as a state jail felony, but would not be sufficient proof that the vehicle was being used as a deadly weapon. I concur with the majority opinion.


                                        Jack Carter
                                        Justice


Date Submitted:     May 3, 2010
Date Decided:       May 14, 2010

Publish

---

[12]*See* Act of May 27, 2009, 81st Leg., R.S., ch. 1400, § 4, 2009 Tex. Gen. Laws 4385, 4385–86 (prior version at TEX. PENAL CODE ANN. § 3804 (Vernon 2003)).

13