ACCEPTED
06-14-00138-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/3/2015 12:00:00 AM
DEBBIE AUTREY
CLERK

No. 06-14-00138-CR

IN THE COURT OF APPEALS

FOR THE SIXTH APPELLATE DISTRICT

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
8/3/2015 7:54:00 AM
DEBBIE AUTREY
Clerk

JAMIE LEE BLEDSOE,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

## APPELLANT'S BRIEF

On appeal from Cause No. 12-0374X

in the 71st District Court

Harrison County, Texas

Robert Lee Cole, Jr.
409 N. Fredonia Street, Suite 101
Longview, TX 75601
SBOT: 04547800
903-236-6288 Phone
903-236-5441 Fax
rcolejd@gmail.com
Attorney for Appellant

Oral Argument is Requested

# IDENTITY OF PARTIES AND COUNSEL

Jamie Lee Bledsoe, Appellant
#1945574
Wynne Unit
810 FM 2821
Huntsville, TX 77349

Robert L. Cole, Jr.
Appellant's Counsel on Appeal
409 N. Fredonia Street, Suite 101
Longview, TX 75601

Ebb B. Mobley
Appellant's Original Trial Counsel
P.O. Box 2309
Longview, TX 75606

Cheryl Cooper Sammons
Appellant's  Standby Trial Counsel
8907 State Highway 149
Longview, TX 75605

Shawn Eric Connally
Trial Prosecutor
Harrison  County District Attorney's Office
P.O. Box 776
Marshall, TX 75671

Joe Hall
Appellate Prosecutor
Harrison County District Attorney's Office
P.O. Box 776
Marshall, TX 75671

Honorable Brad Morin
Presiding Trial Judge
71st District Court
200 W. Houston Street, Suite 219
Marshall, TX 75671

# TABLE OF CONTENTS

Identity of Parties and Counsel……………………………………………………… i

Table of Contents……………………………………………………………………. ii

Index of Authorities…………………………………………………………………... iii

Statement of the Case……………………………………………………………….. 1

Statement Regarding Oral Argument……………………………………………….. 1

Issue Presented…………………………………………………………………… 1

The trial court erred when it imposed an illegal sentence upon the defendant when it unlawfully considered an enhancement of a state jail offense to a second degree felony.

Statement of Facts…………………………………………………………………… 1

Summary of the Argument…………………………………………………………... 2

Argument…………………………………………………………………………….. 3

Prayer………………………………………………………………………………… 7

Certificate of Compliance…………………………………………………………… 8

Certificate of Service………………………………………………………………… 8

# INDEX OF AUTHORITIES

CASES                                                                                    PAGE

*Campbell v. State,* 49 S.W.3d 874 (Tex. Crim. App. 2001)…………….6

*Ex Parte Beck,* 922 S.W.2d 181 (Tex. Crim. App 1996)………………..4

*Ex parte Reinke*, 370 S.W.3d 387, 389 (Tex. Crim. App. 2012)………..5, 6

*Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011)…………...5

*Levy v. State*, 818 S.W.2d 801 (Tex. Crim. App. 1991)…………………7

*Mizell v. State*, 119 S.W.3d 805 (Tex. Crim. App. 2003)………………..4

*State v. Brown*, 314 S.W.3d 487, 490 (Tex. App. Texarkana 2010)……..7

*State v. Muller*, 829 S.W.2d 805, 808 (Tex. Crim. App. 1992)………….7

*State v. White,* 959 S.W.2d 375 (Tex. App. Fort Worth 1996)…………..6


CODES, RULES AND CONSTITUTIONAL PROVISIONS

Tex. Pen. Code Ann. Section 12.35 (West 2011)………………………3, 5, 6

Tex. Pen. Code Section 12.42. (a)(2) (Vernon 2007)…………………..5, 6

Tex. Pen. Code Ann. Section 12.425 (West Supp. 2014)………………..4, 5, 6

Tex. Pen. Code Section 30.02 (West 2014)……………………………3

Tex. R. App. Pro. 43.2 (d)………………………………………….7

## STATEMENT OF THE CASE

This is an appeal from a conviction of burglary of a building, which was enhanced by two prior felony convictions. The jury found Jamie Lee Bledsoe guilty of the offense and assessed punishment at 20 years confinement and a fine of $10,000.00. CR: 224.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument.

## ISSUES PRESENTED

Issue No. 1- The trial court erred when it sentenced appellant to twenty years as the state jail felony offense was improperly enhanced to second degree punishment.

## STATEMENT OF FACTS

Appellant was convicted, contrary to his pleas, for the state jail felony offense of Burglary of a Building which had been enhanced by two prior felony convictions. CR: 224-235. He was sentenced to 20 years in the Institutional Division, TDCJ. CR: 24.

Appellee, (hereafter referred to as "the State") presented several witnesses at trial. Brad Horn was the manager of Fish and Still Equipment and stated that he discovered the business had been broken into as he arrived at work 16 July 2012.

1

RR: Vol 3, p. 100. Police officers investigated the scene, as well as neighboring businesses, and located surveillance video. 3 RR 118. An investigating officer reviewed surveillance video from the crime scene and recognized appellant from the video as someone he knew from previous interactions. 3 RR 126-127. Officers canvassed local motels and learned that appellant was staying at the time at Motel 6 in room 108 3 RR 134. Officers located Appellant at the Motel 6, and placed appellant under arrest. A search warrant was secured and evidence was collected from the room at Motel 6. 3 RR 136, 4 RR 8-10. DNA evidence was collected, sent to the DPS laboratory, and connected to the appellant 4 RR 10-12, 4 RR 75-85, 4 RR 97-100.

The jury found appellant guilty. CR 207. At the punishment phase, the state introduced evidence of prior convictions that were used to enhance the range of punishment in this case to a second degree felony punishment range. 5 RR10-11; 7 RR EX 50, 51  The jury assessed punishment for appellant at 20 years TDC and a fine of $10,000.00 after finding enhancement allegations to be true. CR 212, 224.

SUMMARY OF THE ARGUMENT

The Trial Court erred by imposing an illegal sentence of twenty years

2

confinement for the state jail offense of burglary of a building which was improperly enhanced. The maximum sentence for a state jail felony is 24 months confinement and a fine not to exceed $10,000.00. The Texas Penal Code does not permit the type of enhancement as requested by the State and as permitted by the court. The sentence of 20 years is illegal and the conviction is void.

## ARGUMENT

Appellant Jamie Lee Bledsoe (hereinafter referred to as Bledsoe) was convicted following a jury trial of the state jail felony offense of Burglary of a Building pursuant to TEXAS PENAL CODE § 30.02 (C) (1) (West 2011). The range of punishment for a state jail felony is by confinement in a state jail for any term of not more than two years or less than 180 days, and a fine not to exceed $10,000.00. TEXAS PEN. CODE ANN § 12.35 (a) and (b) (West Supp. 2014). This Honorable Court of Appeals noted that the State introduced State's Exhibits 50 and 51 (State's Exhibit 50 being the prior judgment of conviction for burglary of a building) without objection in its order dated June 4, 2015.

Because the 20 year sentence for the state jail felony is unauthorized by law, it is an illegal sentence. A void or illegal sentence is one that is not authorized by

3

law. *Mizzell v. State*, 119 S.W. 3d 804 (Tex. Crim. App. 2003).

A defect which renders a sentence void may be raised at any time. *Ex Parte Beck*, 922 S.W. 2d 181 (Tex. Crim. App. 1996).

There are certain circumstances when the punishment for a state jail felony may be enhanced for certain offenders with prior felony convictions. TEX. PEN.CODE ANN. § 12.425 Vernon 2014 states,

> "If it is shown on the trial of a state jail felony punishable under Section 12.35 (a) that the defendant has previously been finally convicted of two felonies other than a state jail punishable under Section 12.35 (a), and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a felony of the second degree."

The State filed State's Notice of Intent to Seek Enhanced Punishment Due to Prior Conviction and in that motion cited Cause Number 99-0124X from the 71st District Court of Harrison County, Texas for Possession of a Controlled Substance and then a subsequent conviction Cause No. 08-177X of Burglary of a Building, also from the 71st District Court of Harrison County, Texas. These convictions were introduced into evidence as State's Exhibits 51 and 50 respectively.

The judgment in Case No. 08-0177X (State's Exhibit 50) states that it is a judgment for the offense of Burglary of a Building-Enhanced and cites "Section 30.02 Penal Code." Cause 08-0177X which was improperly used to enhance Mr. Bledsoe in the instant case, was for the state jail felony offense of Burglary of a

4

Building, with the punishment range enhanced to a second degree felony. Statutes enhancing punishment ranges for the primary offense do "not increase the severity level or grade of the primary offense." *Ford v. State*, 334 S.W. 3d 230, 234 (Tex. Crim. App. 2011); see also *Ex Parte Reinke*, 370 S.W. 3d 387, 389 (Tex. Crim. App. 2012).

The State has previously addressed the issue in its brief filed in this cause filed May 4, 2015 in this case.

The State claimed that appellant relied in error upon Tex. Penal Code S 12.42(a) (2) (Vernon 2007) which reads,

> "If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second degree felony."

The language in both the old statute Tex. Pen. Code Section 12.42(a)(2) and the current section 12.425 (b) share the same language of "other than a state jail felony punishable under Section 12.35 (a)."

The newer TEX. PEN. CODE § 12.425 (b) language does not change the nature of a state jail conviction from a state jail felony to any other level of felony. The language specifically states, "other than a state jail felony punishable under Section 12.35 (a)…" The language dealing with "other than a state jail punishable

5

under 12.35 (a)" has previously been addressed by Texas Appellate Court. The legislature selected and used the language in the statutes in question in a careful and deliberate manner with the intent that they be construed to affect a reasonable result, we hold that the legislature intended to exclude state jail felonies punishable under section 12.35(a), and subject to enhancement under section 12.42 (a) (2), from the class of felony offenses that fall under the habitual offender provisions of section 12.42 (d)." *State v. White*, 959 S.W.2d 375 (Tex. App. Fort Worth 1998) (rev. on other grounds). See also *Campbell v. State*, 49 S.W. 3d 874 (Tex. Crim. App. 2001).

The legislature clearly did not change the language in section 12.425 from "punishable" to "punished". By not changing the language, the prior state jail felonies in the instant case cannot be used for enhancement, since no change in wording was made. The Court of Criminal Appeals in *Reinke* stated "The legislature clearly knows the difference between enhancing the level of an offense and enhancing the level of punishment." *Reinke* at 389

If such lack of enhancement is an oversight in the statute, it is the business of the legislature, rather than the courts to correct it. *Campbell* at 878. Since this case was punishable as a state jail felony, the level of the instant offense is not

raised, and the sentence of twenty years is void, this case must be reversed.

When interpreting a statute, an appellate court should necessarily focus on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment. *State v. Muller*, 829 S.W. 2d 805, 808 (Tex. Crim. App. 1992). See also *State v. Brown*, 314 S.W. 3d 487, 490 (Tex. App. Texarkana 2010).

When an appellate court finds error at the punishment stage of the trial the case may be remanded to the trial court for the proper assessment of punishment. Tex. Rule App. Pro 43.2 (d), *Levy v. State,* 818 S.W. 2d 801 (Tex. Crim. App. 1991).

In this case, the State used an improper conviction in an attempt to enhance the punishment for the offense of burglary of a building from a state jail felony to a second degree felony. The result was an illegal sentence of twenty years and a $10,000.00 fine. Because the sentence is illegal, it is void. A void sentence can be remedied by reversal and remanded to the trial court for a new trial on the issue of punishment

## PRAYER

Wherefore, premises considered, Appellant respectfully request that

this Honorable Court of Appeals reverse the judgment of the trial which illegally sentenced appellant to twenty years confinement and remand this case back to the trial court for sentencing as a state jail felony.

## CERTIFICATE OF COMPLIANCE

I hereby certify that this computer generated document contains 1,499 words as limited by Texas Rule of Appellate Procedure Rule 9.4.

/s/ *Robert L. Cole, Jr.*
ROBERT L. COLE, JR.
Counsel for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on this the 1st day of August 2015, a copy of the foregoing has been delivered to the Harrison County District Attorney's Office, 200 W. Houston Street, Marshall, TX 75670 with attention to Joe Hall, Attorney for Appellee via electronic service.

/s/ *Robert L. Cole, Jr.*
ROBERT L. COLE, JR.
Counsel for Appellant

8