

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00158-CR

_____

SHERI LUE WILLHITE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27403

Before Morriss, C.J., Burgess and Moseley,* JJ.
Memorandum Opinion by Chief Justice Morriss

_____
*Bailey C. Moseley, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

One Lamar County indictment charged Sheri Lue Willhite with possession of less than one gram of methamphetamine, while a separate indictment charged her with both possession of between one and four grams of methamphetamine and assault on a public officer. The three charges stemmed from two separate arrests occurring two months apart, but they were all tried together in one proceeding. Willhite entered a plea of not guilty to all charges and pled true to the habitual-offender allegations, raised in both indictments, that she had previously been convicted of aggravated robbery and evading arrest in a vehicle. A jury found Willhite guilty of all three charges, and the trial court found the enhancement allegations true in each case. On the charge of possession of less than one gram, addressed in our companion cause number 06-18-00157-CR, Willhite was sentenced to twenty years in prison and assessed $359.00 in court costs. In this case, on the charge of possession of between one and four grams of methamphetamine, she was sentenced to thirty-five years' imprisonment and was assessed $369.00 in court costs, while, on the charge of assault on a public officer, she was sentenced to fifty-five years in prison.

Here, Willhite contends that the trial court erred in two ways: by using her prior conviction of evading arrest in a vehicle to enhance her punishment range and in the amount of court costs assessed. We affirm the trial court's judgment because (1) Willhite's prior conviction for evading arrest was properly used to enhance her punishment range and (2) court costs totaling $369.00 were properly assessed against Willhite.

*(1)     Willhite's Prior Conviction for Evading Arrest Was Properly Used to Enhance Her Punishment Range*

Willhite argues that her ranges of punishment were improperly enhanced under the habitual-offender statute because her prior conviction for evading arrest or detention with a motor vehicle was not an applicable felony.

The two-count indictment in this case charged Willhite with possession of between one and four grams of methamphetamine and assault on a public servant, each a third-degree felony punishable by a sentence of between two and ten years in prison. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2017); TEX. PENAL CODE ANN. § 12.33(a) (West 2011), § 22.01(b)(1) (West Supp. 2018). However, under the habitual-offender statute, if

> the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2018). Seeking to enhance Willhite's punishment range for each of the two counts, the indictment alleged that Willhite had previously been convicted of aggravated robbery on May 22, 2002, and evading arrest with a motor vehicle, on January 12, 2007. Willhite pled true to the enhancements, and, after finding them to be true, the trial court charged on punishment that each of the two counts included the enhanced punishment range under Section 12.42(d). Willhite contends that her prior conviction for evading arrest with a vehicle was improperly used to enhance her punishment ranges under Section 12.42(d).

3

Both at the time Willhite committed the enhancement offense, August 22, 2006, and at the time she was convicted[1] of that offense, January 12, 2007, evading arrest was a class B misdemeanor, but because she evaded arrest with a motor vehicle and the record does not indicate that she had been previously convicted for evading arrest, the charge was a state jail felony. *See* TEX. PENAL CODE ANN. § 38.04(a), (b) (West 2017).[2] The available punishment range for her conviction was enhanced,[3] because she had previously been convicted of aggravated robbery and, during the underlying evasion, she used or exhibited the vehicle as a deadly weapon.[4]

Any felony may be used to enhance the punishment range other than "a state jail felony punishable under Section 12.35(a)." TEX. PENAL CODE ANN. § 12.42(d). Though Willhite's conviction for evading arrest in a vehicle was a state jail felony, it was not punishable under Section 12.35(a). *See* TEX. PENAL CODE ANN. § 12.35(a), (c) (West Supp. 2018). Because the conviction for evading arrest in a vehicle was enhanced by a deadly-weapon finding, it became an aggravated state jail felony punishable only under Section 12.35(c), which states,

> An individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that:
> (1) a deadly weapon . . . was used or exhibited during the commission of the offense or during immediate flight following the commission of the offense, and that the individual used or exhibited the deadly weapon . . . .

---

[1]Willhite pled guilty to evading arrest with a motor vehicle.

[2]The record also does not indicate that another suffered serious bodily injury or death "as a direct result of an attempt by the officer from whom [Willhite] [was] fleeing to apprehend [her]," which would have elevated the degree of offense to a third-degree felony or second-degree felony, respectively. TEX. PENAL CODE ANN. § 38.04(a), (b).

[3]Willhite entered a plea of true to the enhancement allegations, and the trial court found them to be true.

[4]The State incorrectly contends that the deadly-weapon finding and the prior conviction elevated the degree of offense, an error also reflected in the judgment. *See* TEX. PENAL CODE ANN. § 12.425(b) (West Supp. 2018)); *Martin v. State*, 405 S.W.3d 944, 949–50 (Tex. App.—Texarkana 2013, no pet.).

4

TEX. PENAL CODE ANN. § 12.35(c); *see State v. Brown*, 314 S.W.3d 487, 490 (Tex. App.—Texarkana 2010, no pet.) (language of Section 12.35(c) is mandatory). Therefore, Willhite's prior conviction for evading arrest could be used to enhance her punishment range pursuant to Section 12.42(d). We overrule this point of error.

*(2)     Court Costs Totaling $369.00 Were Properly Assessed Against Willhite*

In the companion judgment for possession of less than one gram, Willhite was assessed $359.00 in court costs, while, in the judgment in this case, she was assessed $369.00 in court costs. Willhite argues that the trial court's judgment of conviction should be modified to delete the court costs assessed against her in this case because her two indictments were tried in a single trial proceeding and she was assessed the same court costs in each case. Essentially, Willhite contends that she was assessed duplicate court costs. There is truth in that claim.

We addressed this issue in detail in our opinion of this date in our companion cause number 6-18-00158-CR. As stated in that opinion, the court costs assessed in the two judgments were duplicated to the extent of $349.00. That $349.00 was properly assessed in the judgment for the "highest category of offense" for which she was convicted, that is, this case. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a), (b) (West 2018); TEX. HEALTH & SAFETY CODE ANN. § 481.115(c). The remaining court cost assessed in this case, $20.00 for "Taking and Approving Bond (SF-BOND)," was properly assessed because it is associated with a different surety bond than the one issued in Willhite's companion case and was therefore a cost unique to this case. *See Guerra v. State*, 547 S.W.3d 445, 447 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Robinson State*, 514

5

S.W.3d 816, 827–28 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). Because the trial court properly assessed Willhite $369.00 in court costs in this case, we overrule this point of error.[5]

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     December 20, 2018
Date Decided:      February 22, 2019

Do Not Publish

---

[5]We eliminate the duplicated costs in our companion case.