

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00157-CR

SHERI LUE WILLHITE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27740

Before Morriss, C.J., Burgess and Moseley,* JJ.
Memorandum Opinion by Justice Burgess

*Bailey C. Moseley, Retired, Sitting by Assignment

## MEMORANDUM OPINION

A Lamar County indictment charged Sheri Lue Willhite with possession of less than one gram of methamphetamine, and a separate indictment charged her with possession of between one and four grams of methamphetamine and assault on a public officer. The three charges stemmed from two separate arrests occurring two months apart, but they were all tried together in one proceeding. Willhite entered a plea of not guilty to all the charges and pled true to the habitual-offender allegations, raised in both indictments, that she had previously been convicted of aggravated robbery and evading arrest in a vehicle.

A jury found Willhite guilty of all three charges, and the trial court found the enhancement allegations true in each case. On the charge of possession of less than one gram, Willhite was sentenced to twenty years in prison and assessed $359.00 in court costs. On the charge of possession of between one and four grams, she received a thirty-five-year sentence and was assessed $369.00 in court costs. For assault on a public officer, she was sentenced to fifty-five years in prison.

In this case, Willhite appeals from her conviction for possession of less than one gram of methamphetamine.[1] She contends that the trial court erred by (1) using her prior conviction for evading arrest in a vehicle to enhance her punishment range to that of a second-degree felony and (2) in assessing court costs against her.

---

[1]In companion cause number 06-18-00158-CR, Willhite appeals from her convictions of possession of between one and four grams of methamphetamine and assault on a public officer.

We modify the trial court's judgment to: (a) assess only $10.00 in court costs against Willhite; (b) change the degree of offense to a state jail felony; and (c) change the enhancing statute from Section 12.42 to Section 12.425. We affirm the judgment, as modified, because (1) the trial court properly used Willhite's prior conviction for evading arrest in a vehicle to enhance her punishment range, and (2) the trial court erred in assessing $349.00 in duplicate court costs against Willhite.

## I.      The Trial Court Properly Enhanced Willhite's Punishment Range

In her first point of error, Willhite argues that her range of punishment was improperly enhanced under the habitual-offender statute because her prior conviction for evading arrest or detention with a motor vehicle was not a felony.

In this case, Willhite was charged with possession of less than one gram of methamphetamine, a state jail felony punishable by a sentence of 180 days to two years in state jail. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017); TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2018). However, under Section 12.425(b) of the Texas Penal Code, her punishment range could be enhanced to that of a second-degree felony—between two and twenty years in prison[2]—if "[1] [she had] previously been finally convicted of two felonies other than a state jail felony punishable under Section 12.35(a), and [2] the second previous felony conviction [was] for an offense that occurred subsequent to the first previous conviction having become final." TEX. PENAL CODE ANN. § 12.425(b) (West Supp. 2018).

---

[2]TEX. PENAL CODE ANN. § 12.33(a) (West 2011).

In order to enhance Willhite's punishment range in this case, the State alleged that Willhite had previously been convicted of aggravated robbery on May 22, 2002, and evading arrest with a motor vehicle on January 12, 2007. *See id.* Willhite pled true to the enhancement allegations. After finding the enhancement allegations to be true, the trial court's charge on punishment included the enhanced punishment range. The issue before us is whether Willhite's prior conviction for evading arrest in a vehicle can be used to enhance her punishment range under Section 12.425(b).

Willhite argues that the prior judgment "cannot be a second degree felony as reflected on the judgment." She argues that, based on the language in the judgment, it must have been either a third-degree felony or a second-degree felony with a habitual-offender finding that would enhance the punishment range to not less than twenty-five years' and not more than ninety-nine years' imprisonment. She further argues that because she only received an eight-year sentence, then the sentence would be outside the punishment range for a second-degree felony with a habitual-offender finding. She concludes that "the judgment is objectively incorrect and cannot be relied upon to establish that this was a prior felony conviction."

Willhite is correct that the judgment for the underlying evading arrest conviction incorrectly lists the offense as a second-degree felony. Both at the time Willhite committed the offense, August 22, 2006, and at the time of the judgment of conviction,[3] January 12, 2007, simple evading arrest was a class B misdemeanor. However, because Willhite evaded arrest with a motor vehicle, and because the record does not indicate that she had been previously convicted for

_____

[3]Willhite pled guilty to evading arrest with a motor vehicle.

4

evading arrest, the prior evading arrest conviction was a state jail felony. *See* TEX. PENAL CODE ANN. § 38.04(a), (b) (West 2017).[4] In addition, the available punishment range for her prior evading arrest conviction was enhanced[5] because she had previously been convicted of aggravated robbery and, during the underlying evasion, she used or exhibited the vehicle as a deadly weapon.[6] *See* TEX. PENAL CODE ANN. §12.425(b). Consequently, Willhite's prior evading arrest conviction was a state jail felony, and the punishment range for that prior conviction was enhanced to a second-degree felony.

Under Section 12.425(b), any felony may be used to enhance the punishment range of a state jail felony offense "other than a state jail felony punishable under Section 12.35(a)." TEX. PENAL CODE ANN. § 12.425(b). Section 12.35(a) establishes the punishment range for state jail felonies, "*except* as provided by subsection (c)." TEX. PENAL CODE ANN. § 12.35(a) (emphasis added). Section 12.35(c) states,

> An individual adjudged guilty of a state jail felony *shall* be punished for a third degree felony if it is shown on the trial of the offense that:
> (1)    a deadly weapon . . . was used or exhibited during the commission of the offense or during immediate flight following the commission of the offense, and that the individual used or exhibited the deadly weapon. . . .

TEX. PENAL CODE ANN. § 12.35(c) (emphasis added).

---

[4]The record also does not indicate that another suffered serious bodily injury or death "as a direct result of an attempt by the officer . . . from whom [Willhite was] fleeing to apprehend [her]," which would have elevated the degree of offense to a third-degree felony or second-degree felony, respectively. TEX. PENAL CODE ANN. § 38.04(a), (b).

[5]Willhite entered a plea of true to the enhancement allegations, and the trial court found them to be true.

[6]The State incorrectly contends that the deadly weapon finding and the prior conviction elevated the degree of offense, an error also reflected in the judgment. *See* TEX. PENAL CODE ANN. § 12.425(b); *Martin v. State*, 405 S.W.3d 944, 949–50 (Tex. App.—Texarkana 2013, no pet.).

The language of subsection (c) is mandatory. *State v. Brown*, 314 S.W.3d 487, 490 (Tex. App.—Texarkana 2010, no pet.). Accordingly, a prior state jail felony wherein the State alleged and proved that "a deadly weapon . . . was used or exhibited during the commission of the offense . . ." is punishable under Section 12.35(c), and it is not "punishable under Section 12.35(a)." *Id.*

Here, the prior judgment of conviction reflects the use of a deadly weapon. Because the judgment for Willhite's prior evading arrest conviction reflects a deadly weapon finding, it was an aggravated state jail felony under Section 12.35(c) and, therefore, not "punishable under § 12.35(a)." [7] *See* TEX. PENAL CODE ANN. §§ 12.35(a), (c); 12.425(b); *Brown*, 314 S.W.3d at 490. Consequently, even though Willhite's prior evading arrest conviction was actually an aggravated state jail felony punishable as a second-degree felony—rather than a second-degree felony as it states—it was still not "punishable under section 12.35(a)." *See id.* It follows, then, that Willhite's prior conviction for evading arrest could be used to enhance her punishment range pursuant to Section 12.425(b).

Willhite's first point of error is overruled.

## II.      We Modify the Imposition of Court Costs Against Willhite

In the judgment for possession of less than one gram, Willhite was assessed $359.00 in court costs, and in the judgment for possession of between one and four grams, she was assessed

---

[7]It is axiomatic that if a deadly weapon was either not alleged, or was alleged but not proven at trial, then there would be no deadly weapon finding in the judgment on which the State may rely for enhancement. *See Speering v. State*, 797 S.W.2d 36, 37 (Tex. Crim. App. 1990) (for a deadly weapon finding to stand, it must have been alleged and proven); *Scales v. State*, 144 S.W. 263, 264 (Tex. Crim. App. 1912) ("It is a familiar rule of the criminal law . . . that whatever must be proved, or is necessary to be shown, on the trial, must be alleged in the indictment."). When considering whether a prior conviction used for enhancement under Section 12.425(b) is "punishable under § 12.35(a)," we take the prior judgment as we find it. TEX. PENAL CODE ANN. § 12.425(b).

$369.00 in court costs. In her second point of error, Willhite argues that the trial court's judgment of conviction should be modified to delete the court costs assessed against her in this case because both indictments were tried in a single trial proceeding and she was assessed the same court costs in each case. Essentially, Willhite contends that she was assessed duplicate court costs.

A trial court, in a judgment of conviction, must order the criminal defendant to pay court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2018) (applicable when punishment is anything "other than a fine"); *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014); *Robinson v. State*, 514 S.W.3d 816, 827 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). And Article 102.073 of the Texas Code of Criminal Procedure provides:

> (a)     In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.
>
> (b)     In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.
>
> (c)     This article does not apply to a single criminal action alleging only the commission of two or more offenses punishable by fine only.

TEX. CODE CRIM. PROC. ANN. art. 102.073 (West 2018).

Where a defendant is convicted of two or more offenses in a single criminal action,[8] the trial court must assess each court cost or fee only once against a defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a); *see Cain v. State*, 525 S.W.3d 728, 733–34 (Tex. App.—Houston

---

[8]"In a single criminal action" has been construed to mean allegations and evidence of two or more offenses that are presented in a single trial or plea proceeding. *See Hurlburt v. State*, 506 S.W.3d 199, 201–03 (Tex. App.—Waco 2016, no pet.). Here, there is no dispute that the two separate cases against Willhite were tried in a single criminal action.

7

[14th Dist.] 2017, pet. ref'd) (trial court erred in assessing "identical overlapping" or duplicative costs against defendant); *Robinson*, 514 S.W.3d at 827–28. When a trial court erroneously assesses duplicative court costs for multiple convictions tried in a single criminal action, we retain the court costs for the offense of the highest category. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(b).

The bill of cost in this case lists sixteen different charges, totaling $359.00. The bill of cost in Willhite's case for possession of between one and four grams lists the same sixteen charges, but in that case, they total $369.00. The costs assessed in each case are identical except that, in this case, Willhite was charged $10.00 for "Taking and Approving Bond (SF-BOND)," and in the other case, she was charged $20.00.

Willhite argues that this Court should modify the trial court's judgment in this case to delete, in its entirety, the $359.00 in court costs assessed against her because, having been convicted of two or more offenses in a single criminal action, the trial court could assess court costs only once and only in connection with the offense of possession of between one and four grams of methamphetamine. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073; TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2017). The State concedes that we should modify the judgment to delete the costs assessed in this case to the extent they are duplicative, but the State correctly points out that Willhite's two cases involved separate arrests occurring two months apart, argues that the $10.00 bond fee in this case was not duplicative because it was associated with a different surety bond, and argues, therefore, that its imposition did not violate Article 102.073. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a), (b).

8

The State is correct. Because the third-degree-felony offense of possession of between one and four grams of methamphetamine was the "highest category of offense" for which she was convicted, all court costs assessed in this case, save for the $10.00 bond fee, should have only been assessed against Willhite in *that* judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a), (b); TEX. HEALTH & SAFETY CODE ANN. § 481.115(c); *see also Cain*, 525 S.W.3d at 733–34; *Robinson*, 514 S.W.3d at 827–28 (trial court erred in assessing certain "identical costs and fees . . . against [defendant] for both offenses"). However, the record reflects that the bond fee of $10.00 assessed in this case is not duplicative, because this case involved a bond separate and distinct from the one taken and approved in Willhite's third-degree-felony-possession case. Therefore, we delete duplicative costs of $349.00 in order that the judgment will accurately reflect the assessment of non-duplicative costs totaling $10.00. *See Guerra v. State*, 547 S.W.3d 445, 447 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (not "all of the fees challenged by [defendant] should be deleted"); *Robinson*, 514 S.W.3d at 827–28 (when two offenses tried together, non-duplicative costs should not be vacated).

## III. We Modify the Degree of Offense and the Statute for Offense

Under the heading "Degree of Offense," the judgment incorrectly states that Willhite's offense of possession of less than one gram of methamphetamine is a state jail felony enhanced to a second-degree felony. As stated hereinabove, the offense in this case is a state jail felony. The prior convictions alleged by the State and found to be true by the trial court only enhance the range of punishment; they do not change the degree of the offense. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b); TEX. PENAL CODE ANN. § 12.425(b); *Martin v. State*, 405 S.W.3d 944, 949–

9

50 (Tex. App.—Texarkana 2013, no pet.). Additionally, while under the heading "Statute for Offense," the judgment correctly lists Section 481.115(b) of the Texas Health and Safety Code, it also lists Section 12.42 of the Texas Penal Code. As detailed hereinabove, Section 12.425 rather than 12.42, is the appropriate enhancement statute for the offense in this case because it is a state jail felony. *See* TEX. PENAL CODE ANN. § 12.425(b).

This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record. *See Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.). We may sua sponte modify an incorrect judgment whether a party objected on the issue at trial or not. *See Anthony*, 531 S.W.2d at 743 (quoting *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.)).

Accordingly, we modify the judgment by (1) changing the "Degree of Offense" to a state jail felony and by (2) changing the enhancing statute from Section 12.42 to Section 12.425 and (3) deleting court costs of $349.00 to eliminate duplicative costs.

We affirm the judgment, as modified.

                                        Ralph K. Burgess
                                        Justice

Date Submitted:     December 20, 2018
Date Decided:       February 22, 2019

Do Not Publish