Tracy Christopher, Justice
Appellant was charged with two offenses arising out of a single criminal action. The first offense was assault on a family member and the second offense was violation of a protective order. After a jury convicted appellant of both offenses in a consolidated proceeding, the trial court entered two judgments and two bills of costs. The issue in this appeal concerns the separate bills of costs.
The bills of costs reflect that the following fees were assessed in both the assault case and the protective-order case, for a sum of $284:
• Sheriff's Jury Fee ($5)
• Commitments ($5)
• Release ($5)
• Arrest w/o Warrant/Capias ($5)
• District Clerk's Fee ($40)
• Jury Fee ($40)
• Security Fee ($5)
• Consolidated Court Cost ($133)
• Jury Reimbursement Fee ($4)
• DC Records Preservation ($25)
• Support of Indg Defense ($2)
• Support of Judiciary Fee ($6)
• Court Technology Fee ($4)
• Electronic Filing State ($5)
In addition to these fees, the trial court assessed a "Summoning Witness/Mileage" fee, but the amount assessed for this fee varied between the two cases. A $10 fee was assessed in the assault case (for a grand total of $294), and a $20 fee was assessed in the protective-order case (for a grand total of $304).
Appellant challenges the $304 in fees that were assessed in the protective-order case. He argues that $284 of those fees were also assessed in the assault case, which means that they run afoul of a statute that prohibits the assessment of duplicative fees. See Tex. Code Crim. Proc. art. 102.073(a) ("In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant."). He then argues that there is no basis in the record for assessing a $20 fee for summoning witnesses. Appellant argues that the record supports, at most, a $10 fee because only two witnesses testified at his trial and the fee amount for summoning a witness is statutorily fixed at only $5 per witness. See Tex. Code Crim. Proc. art. 102.011(a)(3). Because the assault *447 case already reflects a $10 witness fee, appellant argues that the witness fee in the protective-order case is duplicative and that the bill of costs in that case should be vacated in its entirety.
The State concedes that the fees should be deleted to the extent that they are duplicative. However, the State does not concede that all of the fees challenged by appellant should be deleted. The State focuses on two fees in particular: the witness fee and the arrest fee.
Addressing the witness fee first, the State argues that the record supports the trial court's decision to assess different amounts in appellant's two cases. In the assault case, the State subpoenaed the business records from two separate entities: a hospital and an EMS company. Custodians from these two entities responded to the State's subpoenas. Even though the custodians did not testify at appellant's trial, their records were admitted into evidence. Based on the two subpoenas, we conclude that there is support for the trial court's assessment in the assault case of a $10 fee ($5 per witness).
In the protective-order case, the State subpoenaed a different set of witnesses. These witnesses were (1) the complainant, (2) appellant's arresting officer, (3) a custodian of records at the Harris County Jail, and (4) a custodian of records at the Harris County Sheriff's Office. Even though the first two witnesses were the only ones to provide live testimony at trial, the record supports a finding that at least four witnesses were subpoenaed in the protective-order case, and these witnesses were not the same witnesses who were subpoenaed in the assault case. Because these subpoenas support a separate fee in the protective-order case of $20 ($5 per witness), there is no basis for deleting the fee.[1] See Johnson v. State , 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) ("When a specific amount of court costs is written in the judgment, an appellate court errs when it deletes the specific amount if there is a basis for the cost.").
Turning next to the $5 arrest fee, the State argues that this fee should not be deleted, even though it was assessed in both cases, because a statute specifically requires that the fee "shall be assessed on conviction, regardless of whether the defendant was also arrested at the same time for another offense, and shall be assessed for each arrest made of a defendant arising out of the offense for which the defendant has been convicted." See Tex. Code Crim. Proc. art. 102.011(e). We agree with the State. Appellant was arrested one time, but for two different offenses, and the jury convicted him of both offenses. By the plain language of the statute, the arrest fee applies to each conviction.
We affirm the judgment in the assault case, without making any modifications to the amount of court costs assessed. We modify the judgment in the protective-order case by deleting $279 in duplicative fees, such that the total amount of court costs in that case is only $25 ($20 witness fee plus $5 arrest fee), and we affirm that judgment as so modified.

The State requests that we increase this witness fee to $40 because the State applied for eight subpoenas in all, and some of the subpoenas were directed to the same witness more than once. Following this court's decision in O'Bannon v. State , 435 S.W.3d 378 (Tex. App.-Houston [14th Dist.] 2014, no pet.), we decline the State's request because the trial court's assessment is already supported by the record. Id. at 380 (refusing to disturb a witness fee of $110, even though the record supported a greater fee of $165 because eleven witnesses were summoned three times each).