**Opinion issued October 4, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00275-CR

## NO. 01-18-00276-CR

————————————

**RALPH JACKSON PYLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 371st District Court**
**Tarrant County, Texas[1]**
**Trial Court Case Nos. 1502642D and 1502666D**

---

**MEMORANDUM OPINION**

---

[1]    Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal to this Court. *See* Misc. Docket No. 18–9049 (Tex. Mar. 27, 2018); *see also* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2013) (authorizing transfer of cases).

Appellant, Ralph Jackson Pyle, without an agreed punishment recommendation from the State, pleaded guilty to the offenses of debit card abuse against an elderly individual[2] and possession of a controlled substance, namely methamphetamine, weighing less than one gram.[3] After finding true the allegations in the enhancement paragraph in the indictment for the offense of debit card abuse, the trial court assessed appellant's punishment at confinement for twenty-five years for that offense and two years for the offense of possession of a controlled substance, to run concurrently. In his sole issue, appellant contends that the trial court's judgment of conviction for the offense of possession of a controlled substance should be modified.

We modify the trial court's judgment and affirm as modified.

**Background**

A Tarrant County Grand Jury issued a true bill of indictment, alleging that appellant, on or about May 28, 2017, "did with the intent to fraudulently obtain a benefit, present or use a debit card, to-wit: a Wells Fargo debit card ending in 2684 with the knowledge that the card had not been issued to [him], and with the

---

[2] *See* TEX. PENAL CODE ANN. § 32.31(b), (d) (Vernon 2016); *see also id.* § 22.04(c)(2) (Vernon Supp. 2017) (defining elderly individual); appellate cause no. 01-18-00276-CR; trial court cause no. 1502666D.

[3] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(6) (Vernon Supp. 2017), § 481.115(a), (b) (Vernon 2017); appellate cause no. 01-18-00275-CR; trial court cause no. 1502642D.

knowledge that th[e] card was not used with the effective consent of the cardholder, [the complainant], an elderly individual."[4]

The Grand Jury also issued a true bill of indictment, alleging that appellant, on or about June 16, 2017, "did then and there intentionally or knowingly possess a controlled substance, namely methamphetamine, of less than one gram, including any adulterants or dilutants."

Appellant pleaded guilty to the offenses of debit card abuse against an elderly individual and possession of a controlled substance. In the judgment of conviction for the offense of debit card abuse against an elderly individual, the trial court ordered appellant to pay $289 in court costs. And in the judgment of conviction for the offense of possession of a controlled substance, the trial court ordered appellant to pay $349 in court costs.

---

[4]     Further, it alleged:

> [P]rior to the commission of the offense . . . , [appellant] was finally convicted of the felony offense of driving while intoxicated third or more, in the 2nd 25th District Court of Guadalupe County, Texas in Cause Number 11-1103-CR, on the 15th day of February 2012, and, that prior to the commission of the offense . . . , [appellant] was finally convicted of the felony offense of unlawful possession of a firearm on licensed premise, in the 29th Judicial District Court of Palo Pinto County, Texas, in Cause Number 12738, on the 18th day of May 2005.

## Modification of Judgment

In his sole issue, appellant argues that the trial court's judgment of conviction for the offense of possession of a controlled substance should be modified to "delet[e] the [$349 in] court costs assessed" against him because the trial court erred in assessing court costs for *both* of his convictions.[5]  *See* TEX. CODE CRIM. PROC. ANN. art. 102.073 (Vernon 2018).

A trial court, in a judgment of conviction, must order the criminal defendant to pay court costs.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (Vernon 2018) (applicable when punishment anything "other than a fine"); *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014); *Robinson v. State*, 514 S.W.3d 816, 827 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd).  And Texas Code of Criminal Procedure article 102.073, provides:

> (a) In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, *the court may assess each court cost or fee only once against the defendant*.

---

[5]  A criminal defendant may challenge the imposition of mandatory court costs for the first time on direct appeal when those costs are not imposed in open court and the judgment does not contain an itemization of the imposed court costs.  *See London v. State*, 490 S.W.3d 503, 506–07 (Tex. Crim. App. 2016); *see also Johnson v. State*, 423 S.W.3d 385, 390–91 (Tex. Crim. App. 2014); *Williams v. State*, 495 S.W.3d 583, 588–89 (Tex. App.—Houston [1st Dist.] 2016) (explaining defendant may challenge on appeal "basis for assessing costs three times when, under [Code of Criminal Procedure] article 102.073(a), the costs should have only been assessed once"), *pet. dism'd, improvidently granted*, No. PD-0947-16, 2017 WL 1493488 (Tex. Crim. App. Apr. 26, 2017).

(b) In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.

(c) This article does not apply to a single criminal action alleging only the commission of two or more offenses punishable by fine only.

TEX. CODE CRIM. PROC. ANN. art. 102.073 (emphasis added).

Here, the trial court, in its written judgment of conviction for the offense of debit card abuse against an elderly individual, ordered appellant to pay $289 in court costs. The Bill of Cost reflects the following "Court Cost Breakdown":

| | |
|---|---|
| Clerk Fees | $40.00 |
| DC Rec Pre&Auto | $2.50 |
| DC Recs Tech | $4.00 |
| Sheriff Service | $10.00 |
| Security Fees | $5.00 |
| Crim. Records | $22.50 |
| Jury Service FD | $4.00 |
| PO Arrest Fee | $50.00 |
| PO Commit/Rel | $5.00 |
| Ind DefenseFund | $2.00 |
| Jud Support-CRM | $6.00 |
| E-File Crim | $5.00 |
| CCC-Felony | $133.00 |

In regard to the offense of possession of a controlled substance, the trial court, in its written judgment of conviction, ordered appellant to pay $349 in court costs.

The Bill of Cost reflects the following "Court Cost Breakdown":

| | |
|---|---|
| Clerk Fees | $40.00 |
| DC Rec Pre&Auto | $2.50 |
| DC Recs Tech | $4.00 |
| Sheriff Service | $10.00 |

| | |
|---|---|
| Security Fees | $5.00 |
| Crim. Records | $22.50 |
| Jury Service FD | $4.00 |
| PO Arrest Fee | $50.00 |
| PO Commit/Rel | $5.00 |
| Ind DefenseFund | $2.00 |
| *Drug Ct Prog-ST* | *$30.00* |
| *Drug Ct Prog-CT* | *$30.00* |
| Jud Support-CRM | $6.00 |
| E-File Crim | $5.00 |
| CCC-Felony | $133.00 |

(Emphasis added.)

Appellant argues that this Court should modify the trial court's written judgment of conviction for the offense of possession of a controlled substance to delete, in its entirety, the $349 in court costs assessed against him because, having been convicted of two or more offenses in a single criminal action,[6] the trial court could assess court costs only once and only in connection with the "highest category of offense" for which he was convicted, i.e., the third-degree felony offense of debit card abuse against an elderly individual. *See id.* § 102.073(a), (b); *see also* TEX. PENAL CODE ANN. § 32.31(b), (d) (Vernon 2016) (debit card abuse against elderly individual constitutes *third-degree felony offense*); TEX. HEALTH & SAFETY CODE

---

[6] "In a single criminal action" has been construed to mean allegations and evidence of more than one offense that are presented in a single trial or plea proceeding. *See Hurlburt v. State*, 506 S.W.3d 199, 201–03 (Tex. App.—Waco 2016, no pet.); *see also Santoro v. State*, Nos. 02-18-00039-CR, 02-18-00040-CR, 2018 WL 3153564, at *1–2 (Tex. App.—Fort Worth June 28, 2018, no pet.) (mem. op., not designated for publication).

ANN. § 481.102(6) (Vernon Supp. 2017), § 481.115(a), (b) (Vernon 2017) (possession of controlled substance, namely methamphetamine, weighing less than one gram, constitutes *state-jail felony offense*).

The State concedes that we should modify the trial court's written judgment of conviction for the offense of possession of a controlled substance to "delet[e] the duplicat[ive] court costs in the amount of $289," but it asserts that the "$60 drug court fee," which was "assessed solely in the possession of a controlled substance case," is not duplicative and its imposition does not violate article 102.073. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a), (b); *cf. Guerra v. State*, 547 S.W.3d 445, 447 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (State conceded "fees should be deleted to the extent that they [were] duplicative," but not "all of the fees challenged by [defendant] should be deleted"); *Robinson*, 514 S.W.3d at 827–28 (State conceded "trial court erred by assessing [duplicative] court costs against [defendant] for both offenses," but asserted appellate court should not vacate "[the] additional costs [that] were imposed [only] for the aggravated sexual assault offense").

In a single criminal action, such as the one involved here, in which a defendant is convicted of two or more offenses, the trial court must assess each court cost or fee *only once* against a defendant. *See* TEX. CODE OF CRIM. PROC. ANN. art. 102.073(a); *Robinson*, 514 S.W.3d at 827–28. And when a trial court erroneously

assesses duplicative court costs for multiple convictions tried in a single criminal action, we retain the court costs for the offense of the highest category. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(b); *Santoro v. State*, Nos. 02-18-00039-CR, 02-18-00040-CR, 2018 WL 3153564, at *2 (Tex. App.—Fort Worth June 28, 2018, no pet.) (mem. op., not designed for publication).

The trial court assessed the following court costs against appellant in both its written judgment for conviction for the offense of debit card abuse of an elderly individual *and* in its written judgment for the offense of possession of a controlled substance:

| | |
|---|---|
| Clerk Fees | $40.00 |
| DC Rec Pre&Auto | $2.50 |
| DC Recs Tech | $4.00 |
| Sheriff Service | $10.00 |
| Security Fees | $5.00 |
| Crim. Records | $22.50 |
| Jury Service FD | $4.00 |
| PO Arrest Fee | $50.00 |
| PO Commit/Rel | $5.00 |
| Ind DefenseFund | $2.00 |
| Jud Support-CRM | $6.00 |
| E-File Crim | $5.00 |
| CCC-Felony | $133.00 |

Because the third-degree felony offense of debit card abuse against an elderly individual is the "highest category of offense," the above costs should have only been assessed against appellant by the trial court in *that* judgment of conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a), (b); *see also Cain v. State*, 525 S.W.3d

728, 733–34 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (trial court erred in assessing "identical overlapping" or duplicative costs against defendant); *Robinson*, 514 S.W.3d at 827–28 (trial court erred in assessing certain "identical costs and fees . . . against [defendant] for both offenses").

The trial court assessed the following court costs only in its written judgment for the offense of possession of a controlled substance:

| | |
|---|---|
| Drug Ct Prog-ST | $30.00 |
| Drug Ct Prog-CT | $30.00 |

Because these costs are not duplicative, they were properly recoverable and properly assessed against appellant. *See Guerra*, 547 S.W.3d at 446–47 (only deleting duplicative court costs); *Robinson*, 514 S.W.3d at 828 ("The additional costs and fees assessed against [defendant] for the aggravated sexual assault offense were assessed against him only once. These additional costs and fees were properly recoverable and properly assessed against [defendant]."); *Williams v. State*, 495 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2016) ("[T]he trial court assessed a $280 summoning witness/mileage fee in cause number 1387897 and a $250 DNA testing fee in cause number 1387899. . . . As these two fees were properly assessed only once against [defendant], we overrule this portion of [defendant's] . . . complain[t] about the assessment of these fees."), *pet. dism'd, improvidently granted*, No. PD-0947-16, 2017 WL 1493488 (Tex. Crim. App. Apr. 26, 2017); *see also Valdez v. State*, Nos. 03-16-00811-CR, 03-16-00812-CR, 2017

9

WL 4478233, at \*4 (Tex. App.—Austin Oct. 6, 2017, no pet.) (mem. op., not designated for publication) ("[T]he judgment of conviction for possession of a firearm needs to be modified to delete the imposition of court costs that were *also* assessed in the judgment of conviction for possession of a controlled substance[.]" (emphasis added)).

This Court may reform a trial court's judgment of conviction to delete court costs or fees when they are improperly assessed against a defendant. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *Robinson*, 514 S.W.3d at 828; *see also* TEX. R. APP. P. 43.2(b); *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) ("[A]ppellate court[s] ha[ve] the power to correct and reform a trial court judgment . . . ."). Accordingly, we modify the trial court's written judgment of conviction for the offense of possession of a controlled substance, namely methamphetamine, weighing less than one gram, by deleting $289 in duplicative fees, such that the total amount of court costs in that case is only $60 ($30 "Drug Ct Prog-ST" and $30 "Drug Ct Prog-CT"). *See Guerra*, 547 S.W.3d at 447; *Robinson*, 514 S.W.3d at 828.

We sustain appellant's sole issue in part.

## Conclusion

In trial court cause number 1502642D, appellate cause number 01-18-00275-CR, we affirm the judgment of the trial court as modified.  In trial court cause number 1502666D, appellate cause number 01-18-00276-CR, we affirm, without modification, the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Massengale.

Do not publish.  TEX. R. APP. P. 47.2(b).