

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-18-00112-CR

---

JESUS DE LA CRUZ HERRERA, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27560

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Jesus De La Cruz Herrera entered an open plea of guilty to possession with intent to deliver a Penalty Group 2 or 2-A controlled substance, in an amount of more than one, but less than four, grams, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.113(c) (West 2017). Herrera also pled true to the State's drug-free zone allegation, which made the offense punishable as a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(b) (West 2017). The trial court sentenced Herrera to fifteen years' imprisonment and ordered him to pay $409.00 in court costs.

On appeal, Herrera challenges the imposition of court costs because he was assessed court costs in the companion case consolidated with the trial of this case.[1] The State concedes the point of error. Accordingly, we modify the trial court's judgment by deleting the assessment of duplicative court costs and affirm the judgment, as modified. Herrera also challenges the inclusion of attorney fees in the bill of costs, which were not assessed in the trial court's judgment. Because the record established that Herrera was indigent, and the trial court did not assess attorney fees in the trial court's judgment, we strike the inclusion of the fee from the bill of costs.

## (1)    *We Delete the Assessment of Duplicative Court Costs*

Herrera was assessed court costs in both his companion case and in this case. Herrera argues that he was assessed duplicate court costs because the two indictments were consolidated for trial. Accordingly, he urges us to modify the trial court's judgment by deleting the court costs

---

[1]In companion cause number 06-18-00111-CR, Herrera also appeals from a conviction for possession with intent to deliver a Penalty Group 2 or 2-A controlled substance in an amount of four or more, but less than 400, grams.

assessed in this case. "This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993)).

A trial court's judgment of conviction must order the criminal defendant to pay court costs if punishment is anything other than a fine. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2018); *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014); *Robinson v. State*, 514 S.W.3d 816, 827 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). However, "[i]n a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West 2018). The amount of the cost "is determined according to the category of offense" and "must be assessed using the highest category of offense that is possible based on the defendant's convictions." TEX. CODE CRIM. PROC. ANN. art. 102.073(b) (West 2018).

Here, since Herrera was convicted of two or more offenses in a single criminal action, the trial court could order payment of court costs only once. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a); *Cain v. State*, 525 S.W.3d 728, 733–34 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd). When a trial court erroneously assesses duplicative court costs for multiple convictions tried in a single criminal action, we retain the court costs for the offense of the highest category. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(b). Since the conviction in his companion case

3

was for a first-degree felony, and his conviction in this case was for a second-degree felony, we retain the court costs assessed in the companion case.

The State concedes the error, but points out that this case also includes a non-duplicative $10.00 charge for "Taking and Approving Bond (SF-BOND)." Because this fee resulted from a separate arrest, the State argues that it was not duplicative since it was associated with a different surety bond. Therefore, the State argues that its imposition did not violate Article 102.073. The State is correct. Therefore, we delete duplicative costs and, in accordance with the State's request, retain only the assessment of the $10.00 non-duplicative cost. *See Guerra v. State*, 547 S.W.3d 445, 447 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Robinson*, 514 S.W.3d at 827–28.

*(2)     We Strike the Inclusion of Attorney Fees from the Bill of Costs*

Although the judgment did not contain an assessment for the fees of Herrera's court-appointed attorney, the bill of costs includes a $500.00 fee for court-appointed counsel. Thus, Herrera complains of the assessment of attorney fees because he remained indigent throughout the proceedings.

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure the sufficiency of the evidence supporting an order to pay court costs by reviewing the record in the light most favorable to the order. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010).

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees as court costs only if "the

4

judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided . . . , including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West 2017). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer*, 309 S.W.3d at 556).

Here, it is undisputed that Herrera was indigent and had appointed counsel for trial. Therefore, he was presumed to remain indigent absent record proof of a material change in his circumstances. TEX. CODE CRIM. PROC. ANN. art. § 26.04(p) (West Supp. 2018); *Mayer*, 309 S.W.3d at 557. The record contains no proof of a material change in Herrera's circumstances. Simply put, the appellate record in this case demonstrates that the evidence is insufficient to support the order to pay attorney fees included in the bill of costs. The State concedes the error. Therefore, we strike the inclusion of attorney fees from the bill of costs. *See Summers v. State*, 555 S.W.3d 844, 854 (Tex. App.—Waco 2018, no pet.) (modifying bill of costs by deleting the assessment of attorney fees); *Zapata v. State*, 449 S.W.3d 220, 230 (Tex. App.—San Antonio 2014, no pet.) (same).

*(3)      Conclusion*

We modify the judgment to reflect court costs of only $10.00.  As modified, we affirm the trial court's judgment.  We further strike the inclusion of attorney fees for court-appointed counsel from the bill of costs.


Josh R. Morriss, III
Chief Justice

Date Submitted:      March 18, 2019
Date Decided:        April 15, 2019

Do Not Publish

6