**Modified and Affirmed and Opinion Filed December 6, 2022**



In The
### Court of Appeals
### Fifth District of Texas at Dallas

No. 05-21-00444-CR
No. 05-21-00456-CR
No. 05-21-00457-CR
No. 05-21-00458-CR
No. 05-21-00459-CR

**SEAN KRENZER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 366-84208-2018, 366-84209-2018, 366-84210-2018,**
**366-84211-2018, 366-84212-2018**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Nowell, and Justice Smith
Opinion by Justice Nowell

The trial court convicted appellant Sean Krenzer of five separate offenses of "invasive visual recording," and the trial court sentenced him to two years' confinement in each case to run consecutively. Appellant raises six issues on appeal challenging the constitutionality of Texas Penal Code section 21.15(b)(2), the sufficiency of the evidence supporting his conviction, the validity of the cumulation

order, and the assessment of certain court costs as improper or duplicative. We modify the judgments and bills of costs to remove certain court costs and fees. We further modify the judgments to correct several other clerical errors. As modified, we affirm the trial courts' judgments.

## Background

On September 5, 2017, at approximately 11 p.m., Melissa Santana parked in front of her parents' home. Complainant lived to the left of the Santanas. As Melissa walked inside, she noticed a man, later identified as appellant, standing by complainant's bathroom window between the two houses.

Melissa went inside, looked out her kitchen window, and saw appellant looking through a gap in the curtain into complainant's bathroom window while holding a camera attached to a GoPro stick above the curtain. Melissa estimated a person needed to be within one to two feet of the window to see into the bathroom because the curtain gap was small.

Melissa grabbed a flashlight, turned on her cell phone to record, and walked outside to confront appellant. She asked appellant what he was doing and why he was filming into a bathroom window. Appellant said, "I'm not doing anything." He then got into his truck and left, but not before Melissa recorded his license plate.

Melissa called 9-1-1 and knocked on complainant's door. Complainant did not open the door because it was late, and she was home alone with her children.

Melissa told complainant what she witnessed. Complainant encouraged Melissa to go back inside her home for safety.

Officer Matthew Moloney responded to the 9-1-1 dispatch. He talked with Melissa and reviewed her cell phone video. He ran the license plate captured in the video, which identified appellant as the registered owner of the truck.

Officer Moloney briefly talked to complainant. She said she did not know anyone who had disagreements with her family or why someone would be filming outside her home. She then took her children and stayed with a friend because she was terrified.

Officer Moloney unsuccessfully attempted to contact appellant at his registered address, which was directly behind complainant's home. He then obtained an arrest warrant and a search warrant for appellant's residence.

During the search, officers recovered twenty-six items, which included cameras, laptops, several hard drives, and disks. Officers recovered most of the items from the L-shaped island countertop in the kitchen. Two devices, however, were found on top of the upper kitchen cabinets behind the molding. It appeared appellant was trying to hide them.

David Williams extracted the data from the hard drives. Numerous videos showed complainant inside her bedroom and bathroom in various stages of undress or taking a shower. Appellant also captured videos of complainant's husband and two young children. These recordings occurred between January 2016 and

–3–

September 2017. Appellant shot the videos from multiple camera angles. Some were between slats of the back fence looking into the bedroom, and others were taken with a camera on a selfie stick allowing appellant to see above the curtain into complainant's bathroom.

Complainant testified and described the wooden privacy fence around her backyard as approximately six-feet high. She identified herself in the videos and explained them to the court. The videos taken from the fence line exposed a straight-line view into the bedroom, the bathroom, and directly to the shower. Most of the videos showed her getting into the shower, showering, or getting out of the shower. Many videos were above the curtain line, and she explained a person standing next to the window would not be able to see above the curtain line.

She believed the bathroom curtains gave her family privacy. She denied giving appellant permission to film her and felt his actions invaded her privacy. After the incident, they spent thousands of dollars installing blinds, security cameras, and a taller fence.

At the conclusion of the bench trial, the court found appellant guilty of invasive visual recording under all five indictments and sentenced him to two years' confinement in state jail for each offense to be served consecutively. This appeal followed.

**Constitutionality of Penal Code Section 21.15(b)(2)**

Appellant contends penal code section 21.15(b)(2) (invasive visual recording) is facially overbroad under the First Amendment, and therefore, unconstitutional. The State responds appellant failed to preserve his issue for review.

Appellant did not challenge the constitutionality of penal code section 21.15(b)(2) in the trial court. Ordinarily, a defendant may not raise a facial challenge to the constitutionality of a statute for the first time on appeal. *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009); *see also Holland v. State*, No. 05-18-01419-CR, 2019 WL 6799755, at *5 (Tex. App.—Dallas Dec. 13, 2019, pet. ref'd) (mem. op., not designated for publication). A defendant may challenge the facial constitutionality of a statute for the first time in a petition for discretionary review if the statute was declared unconstitutional while the appeal was pending. *See Smith v. State*, 463 S.W.3d 890, 896 (Tex. Crim. App. 2015). Such is not the case here. Rather, three appellate courts have upheld facial constitutional challenges to the statute. *Ex parte Metzger*, 610 S.W.3d 86, 106 (Tex. App.—San Antonio Aug. 26, 2020, pet. ref'd); *Ex parte Nunez*, No. 11-18-00156-CR, 2019 WL 2062699, at *3 (Tex. App.—Eastland May 9, 2019, pet. ref'd) (mem. op., not designated for publication); *Matter of D.Y.*, No. 02-16-00294-CV, 2017 WL 2178877, at *3 (Tex. App.—Fort Worth May 18, 2017, pet. denied) (mem. op., not designated for publication).

Because appellant did not challenge the statute's constitutionality in the trial court and the statute has not been declared facially unconstitutional during the pendency of this appeal, we conclude appellant's constitutional challenge is not preserved for review. We overrule appellant's first issue.

## Sufficiency of the Evidence

In his second issue, appellant argues the evidence is legally insufficient to establish he intended to invade complainant's privacy. The State responds appellant's intent was proven by the extensive efforts he took to circumvent complainant's privacy protections and record her in the bedroom, bathroom, and shower.

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The factfinder is the sole judge of witness credibility and the weight to be given their testimony. *See Martin v. State*, 635 S.W.3d 672, 679 (Tex. Crim. App. 2021). We may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *Bohannan v. State*, 546 S.W.3d 166, 178 (Tex. Crim. App. 2017). "When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination." *Murray v. State*, 457 S.W.3d 446, 448–49 (Tex. Crim. App. 2015). The evidence is legally sufficient if it

would enable reasonable and fair-minded people to reach the decision under review. *See Brooks v. State*, 323 S.W.3d 893, 922 (Tex. Crim. App. 2010).

Proof of a culpable mental state generally relies upon circumstantial evidence. *Kirkwood v. State*, No. 14-20-00107-CR, 2021 WL 2656672, at *1 (Tex. App.—Houston [14th Dist.] June 29, 2021, no pet.) (mem. op., not designated for publication).  We look at "events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act."  *Hammack v. State*, 622 S.W.3d 910, 914 (Tex. Crim. App. 2021).  Each fact need not point directly and independently to the guilt of appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction.  *Id*.  Circumstantial evidence is as probative as direct evidence establishing guilt, and the same standard of review is used for both circumstantial and direct evidence cases.  *Id*. at 915.

To convict appellant, the State was required to prove appellant, "without the other person's consent and with intent to invade the privacy of the other person," photographed or by videotape or other electronic means, recorded, broadcasted, or transmitted a visual image of another in a bathroom or changing room.  TEX. PENAL CODE ANN. § 21.15(b)(2).

Appellant argues the State failed to prove his specific intent to invade complainant's privacy because "it cannot be presumed, from proof of other elements, that an element of a statute is true."  He contends that although appellant

recorded complainant in a place *she* expected privacy and did not consent to be recorded, this merely shows an invasion of *her* privacy, which is not equivalent to *him* intending to invade her privacy. He asserts that if it was enough for the State to establish his intent to invade complainant's privacy because he recorded her while in the bathroom without her consent, then the "with intent to invade the privacy of the other person" clause of section 21.15(b) would be redundant.

Neither "intent to invade privacy" of a person nor "invasion of privacy" are defined in the Texas Penal Code or in any other Texas statute. However, the phrase has acquired a technical or particular meaning in Texas common law. *See Metzger*, 610 S.W.3d at 101–02. This right to privacy incorporates several interests, one of which is the right to be free from wrongful intrusion into one's seclusion and private activities. *Id*. at 102. The intent element of subsection (b)(2) has been construed to mean "the photography or transmission must be done with the intent to intrude upon the other person's seclusion or private affairs in a manner that would be highly offensive to a reasonable person of ordinary sensibilities." *Id*.

It is well-established proof of a person's culpable mental state must generally be inferred from circumstantial evidence. *See Nisbett v. State*, 552 S.W.3d 244, 267 (Tex. Crim. App. 2018). "We cannot read an accused's mind, and absent a confession, we must infer his mental state from his 'acts, words, and conduct.'" *Id*.

Appellant ignores the strong circumstantial evidence showing his intent to intrude upon complainant's seclusion or private affairs in a manner that would be

highly offensive to a reasonable person of ordinary sensibilities. This evidence went beyond complainant testifying appellant invaded her privacy, and the State establishing appellant recorded her without her consent.

Detective Michael Hunter explained appellant intended to invade complainant's privacy because "he shouldn't be where he was." Based on his training and experience and making reasonable inferences based on that training and experience, Detective Hunter explained the bathroom curtain prevented someone from seeing in and indicated someone trying to keep an area private. Yet, appellant took specific measures to circumvent these privacy measures. He used equipment to insure his ability to capture complainant despite the bathroom curtain she hung for privacy. He purposely drove to her home at night, stood in her side yard (an area Melissa testified, that although not fenced off, was not a common walking area), and raised and lowered his camera depending on which direction complainant faced indicating his intention not to get caught. Detective Chris Burns testified his review of the videos confirmed appellant recorded complainant from covert angles. A rational factfinder could conclude these secretive actions indicated his intent and consciousness of guilt. *See, e.g.*, *Gill v. State*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994).[1] Finally, appellant stored some of his recordings on top of his kitchen

---

[1] To the extent appellant argues his secretive actions show a guilty intent, which could be the intent to arouse or gratify himself but not an intent to invade her privacy, we reject his argument. No one argued appellant intended to sexually arouse or gratify himself and the trial court, as factfinder, could reasonably infer his intent was to invade her privacy.

cabinets behind the molding. Such efforts to conceal them further indicates a guilty conscience. *See Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004) (attempts to conceal incriminating evidence are circumstances of guilt).

Besides recording complainant in her bathroom, appellant also positioned himself along complainant's fence in his backyard and recorded through a slat in the fence into her bedroom. Appellant asserts she had no expectation of privacy in these instances because she did not have curtains or blinds covering the window.

Here, although complainant was standing in her bedroom with uncovered windows, appellant's argument ignores that her bedroom window faced the backyard and was surrounded by a six-foot privacy fence. She was not simply walking around a room with an uncovered window facing the front of the home where people were likely to walk and drive by on a regular basis. We reject appellant's argument that complainant had no expectation of privacy under these circumstances. *See, e.g.*, *Baugh v. Fleming*, No. 03-08-00321-CV, 2009 WL 5149928, at *2 (Tex. App.—Austin Dec. 31, 2009, no pet.) (mem. op.) (holding in a civil invasion of privacy suit that "[w]hen the window of a home is not observable by the alleged intruder in the normal course of non-intrusive activities, we cannot say as a matter of law that a plaintiff has no reasonable expectation of privacy merely because her window blinds are open").

Viewing the evidence in the light most favorable to the verdicts, we conclude the evidence is legally sufficient to establish appellant's intent to invade complainant's privacy. We overrule his first issue.

In his sixth issue, appellant argues the evidence is legally insufficient to support his conviction because the State failed to prove a recording device was in complainant's bathroom or bedroom when he recorded her. The State responds appellant misconstrues the statute and reads it too narrowly. We agree.

Appellant asserts "there is an argument" that the clause "in a bathroom or changing room" modifies "records a visual image" so to violate the statute, the actor must use a recoding device in the bathroom or changing room. Because he recorded complainant outside her home, he argues he did not violate the statute.

Appellant provides no statutory construction analysis or case law supporting his narrow interpretation of section 21.15(b)(2). Instead, section 1.05(a) of the penal codes reminds us the provisions of the code "shall be construed according to the fair import of their terms, to promote justice and effect the objectives of the code." TEX. PENAL CODE ANN. § 1.05(a).

In some cases, as argued here, legal sufficiency turns upon the meaning of the statute under which the defendant was prosecuted. *See Day v. State*, 614 S.W.3d 121, 127 (Tex. Crim. App. 2020). When we interpret statutes, we look to the literal text of the statute in question and attempt to discern the fair, objective meaning of the text at the time of its enactment. *Id*. If the plain language is clear and

–11–

unambiguous, our analysis ends because "the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute." *Id.* Statutory interpretation is a question of law we review de novo. *Id.*

Appellant has not argued the ambiguity of the statute; therefore, we consider its plain meaning. *See Johnson v. State*, 423 S.W.3d 385, 394 (Tex. Crim. App. 2014). We first look to the literal text of the statute, and we read words and phrases in context and construe them according to normal rules of grammar and usage. *Id.* Here, the last-antecedent canon of statutory construction is instructive. Under this rule, a qualifying phrase modifies only the word or phrases immediately preceding it and should not be construed as extending to or including others more remote. *See Chambliss v. State*, 647 S.W.2d 257, 260 (Tex. Crim. App. 1983) (en banc).

Under a plain reading of section 21.15(b)(2), "in a bathroom" modifies "visual image of another," not the more remote listed methods of capturing the visual image or recording. We recognize the exception to this general last-antecedent rule that the doctrine will not be adhered to where extension to a more remote antecedent is clearly required by a consideration of the entire act. *See State v. Edmond*, 933 S.W.2d 120, 125 (Tex. Crim. App. 1996) (en banc) ("Slight indication of legislative intent so to extend the relative term is sufficient."). Appellant, however, has provided no authority or argument the legislature intended that the recording device must be placed or used inside the bathroom to be illegal behavior. Further, in considering the constitutionality of section 21.15(a) and (b), the *Metzger* court stated

–12–

the statute applied to photography and transmissions created with surreptitiously placed devices in a home, bathroom, or changing room *and* (similar to the facts here) to "peeping Toms," who photograph or transmit "through the cracks in the curtains, a hole in the wall, or from the ground, looking up a person's skirt." *Metzger*, 610 S.W.3d at 104.

We conclude the statute did not require the State to prove appellant used a recording device in complainant's bedroom or bathroom to capture the images of her. Accordingly, the evidence was sufficient to support his conviction under section 21.15(b). We overrule appellant's sixth issue.

## Cumulation Order

In his third issue, appellant argues the cumulation order is void because it was not sufficiently specific. He asks this Court to strike the order so his sentences run concurrently. The State asserts the record clearly demonstrates the trial court's intent for appellant's five, two-year sentences for invasive visual recording to run consecutively, and this Court may modify the judgments accordingly. Alternatively, if the cumulation order is not sufficiently specific, the State requests a remand instructing the trial court to enter a more specific cumulation order.

Under article 42.08 of the Texas Code of Criminal Procedure, a trial judge has discretion to cumulate a defendant's sentences for two or more convictions. TEX. CRIM. CODE ANN. art. 42.08. A trial court abuses its discretion, however, if it imposes consecutive sentences where the law requires concurrent sentences, where

the court imposes concurrent sentences but the law requires consecutive ones, or whereas alleged here, the court otherwise fails to observe the statutory requirements pertaining to sentencing. *See Revels v. State*, 334 S.W.3d 46, 54 (Tex. App.—Dallas 2008, no pet.).

The Texas Court of Criminal Appeals has recommended five requirements for cumulation orders: (1) the trial court number of the prior conviction; (2) the correct name of the court where the prior conviction was taken; (3) the date of the prior conviction; (4) the term of years of the prior conviction; and (5) the nature of the prior conviction. *See Ward v. State*, 523 S.W.2d 681, 682 (Tex. Crim. App. 1975); *see also Revels*, 334 S.W.3d at 54. Inclusion of all of the recommended elements is not mandatory. *See Banks v. State*, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986) (en banc). However, to be valid, the cumulation order "should be sufficiently specific to allow the Texas Department of Criminal Justice–Institutional Division, to identify the prior with which the newer conviction is cumulated. *Revels*, 334 S.W.3d at 54 (quoting *Ex Parte San Migel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998) (en banc)).

We have the authority to reform and correct cumulation orders when the necessary data is contained in the record. *Id.* If a cumulation order is not sufficiently specific, a remand may be permitted to allow the trial court to remedy the order, but we need not consider whether a remand is appropriate in this case. *See Sullivan v. State*, 387 S.W.3d 649, 652 (Tex. Crim. App. 2013).

Here, the State tried all five indictments in one bench trial, and the trial court orally pronounced sentencing at the conclusion of trial. The trial judge clearly intended the sentences to run consecutively by stating the following:

> Sir, the Court previously having found you guilty of the offenses of invasive visual recording in Cause Number 366-84208, 84209, 84210, 842011 [sic], and 842012 [sic] 2018, in each of those, the Court, again, having previously found you guilty now sentences you to two years confinement in the State Jail in each of those offenses to be served consecutively. . . . Again, your sentence will be served consecutively for each of those cases with two years on each case.

All five judgments, entered the same day, state "This sentence shall run: consecutively." We agree, however, with appellant that the cumulation orders are inadequate because they do not contain sufficient information identifying the "base" sentence or when service of the other sentences begin. *See Nolan v. State*, No. 08-10-00042-CR, 2011 WL 3890543, at *4 (Tex. App.—El Paso Aug. 31, 2011, pet. ref'd) (not designated for publication) ("If a trial court orders a sentence to run consecutively to another, the written cumulation order must contain sufficient information identifying the 'base' sentence to permit prison and parole officials to determine when service of the second sentence is to begin."). Nevertheless, under these facts, we may infer the order in which the trial court intended appellant to serve the sentences from the numerical order in which the trial court pronounced sentence. *Id*.

In reaching this conclusion, we reject appellant's assertion that the trial court may have been ordering the sentences to be served consecutively with some other

past sentence not reflected in the record. The record does not contain any information regarding prior convictions. *See, e.g.*, *Miller v. State*, 33 S.W.3d 257, 261 (Tex. Crim. App. 2000) ("[B]efore a judge may exercise his discretion to cumulate, he must be aware of a prior conviction."); *see also Mungaray v. State*, No. 05-03-00282-CR, 2004 WL 1662843, at *5 (Tex. App.—Dallas July 27, 2004) (op. on reh'g, not designated for publication), *aff'd*, 188 S.W.3d 178 (Tex. Crim. App. 2006).

From the record, we have sufficient information to infer the trial court intended appellant's sentences to run consecutively from lowest to highest cause number, as orally pronounced. Accordingly, we overrule appellant's third issue and modify the judgments as follows:

- Trial court cause no: 366-84208-2018 (appellate cause no. 05-21-00444-CR): Under the heading, "Furthermore, the following special findings or orders apply:," we add the language, "The sentence in cause number 366-84208-2018 shall begin on the date of sentencing."

- Trial court case no: 366-84209-2018 (appellate cause no. 05-21-00456-CR): Under the heading, "Furthermore, the following special findings or orders apply:," we add the language, "The sentence in cause number 366-84209-2018 shall begin when the sentence imposed in 366-84208-2018 ceases to operate."

- Trial court cause no. 366-84210-2018 (appellate cause no. 05-21-00457-CR): Under the heading, "Furthermore, the following special findings or orders apply:," we add the language, "The sentence in cause number 366-84210-2018 shall begin when the sentence imposed in 366-84209-2018 ceases to operate."

- Trial court cause no. 366-84211-2018 (appellate cause no. 05-21-00458-CR): Under the heading, "Furthermore, the following special findings or

orders apply:," we add the language, "The sentence in cause number 366-84211-2018 shall begin when the sentence imposed in 366-84210-2018 ceases to operate."

- Trial court cause no. 366-84212-2018 (appellate cause no. 05-21-00459-CR): Under the heading, "Furthermore, the following special findings or orders apply:," we add the language, "The sentence in cause number 366-84212-2018 shall begin when the sentence imposed in 366-84211-2018 ceases to operate."

The State raises a cross-point seeking further modifications of the judgments based on clerical errors. In trial court cause no. 366-84212-2018 (appellate cause no. 05-21-00459-CR), the judgment incorrectly identifies the offense date as 6/5/2017; however, the indictment indicates the offense occurred on 8/14/2017. Because the record contains the necessary information, we modify the judgment to delete "6/5/2017" and add "8/14/17" under the heading "Date of Offense." *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd); *see also Rodriguez v. State*, No. 05-19-01040-CR, 2020 WL 6482047, at *1 (Tex. App.—Dallas Nov. 4, 2020, no pet.) (mem. op., not designated for publication) (modifying judgments to reflect correct offense dates).

Finally, the State asks for modification of all five judgments regarding the section "Terms of Plea Bargain." The judgments contain an "X" in the box next to "Terms of Plea Bargain are attached and incorporated herein by this reference." Appellant pleaded not guilty, and the trial court conducted a bench trial; therefore, there are no terms of a plea bargain. Because the record contains the necessary information, we modify all five judgments to delete the "X" under "Terms of Plea

–17–

Bargain are attached and incorporated herein by this reference." We sustain the State's cross-point.

## Assessment of Court Costs

In his fourth issue, appellant argues the trial court assessed duplicative costs and fees in four of his five convictions. In his fifth issue, he contends the trial court assessed unlawful court costs in each of his five cases. The State agrees the trial court assessed certain improper court costs using the current version of the court-cost statutes, rather than the versions in effect in 2017, and partially joins appellant in asking the Court to modify the judgments and bills of costs.

When a trial court improperly assesses costs and the record contains the necessary information, the proper remedy is for this Court to reform the judgments and the bills of costs. *See* TEX. R. APP. P. 43.2(b); *see Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *Asberry*, 813 S.W.2d at 529. For purposes of determining applicable costs, the court-costs statutes in effect at the time of the offense apply at the time of conviction. *See Contreras v. State*, No. 05-20-00185-CR, 2021 WL 6071640, at *6 (Tex. App.—Dallas Dec. 23, 2021, no pet.) (mem. op. on reh'g, not designated for publication).

Appellant challenges the $185 fee for "Consolidated Court Costs-Felony." Section 133.102(a)(1) of the Texas Local Government Code was amended in 2019 to increase the amount of costs assessed on conviction of a felony from $133 to $185; however, the amendment did not become effective until January 1, 2020, and applied

–18–

only to costs, fees, or fines assessed on convictions for offenses committed on or after the effective date. *Id*. (discussing authorized fees before and after overhaul of Cost Act through a comparison chart). Here, appellant committed his offenses in 2017. Therefore, the State concedes, and we agree, only $133 in costs are authorized for the consolidated court costs-felony.

Appellant next contends the trial court improperly assessed a "Courthouse Security" fee of $10. At the time of appellant's offense, local government code section 133.102(a)(1) authorized $5 for the courthouse security fee. *Id*. Therefore, the State concedes, and we agree, the authorized "Courthouse Security" fee must be reduced to $5.

The bills of costs also include a $1 "Jury Trial" fee. This fee was added to the local government code after appellant's conviction, but more importantly, appellant did not have a jury trial. Therefore, the trial court improperly included the "Jury Trial" fee.

Finally, appellant challenges the assessment of a $25 "Specialty Court County Fee." Like the jury trial fee, the specialty court fee was added to the Cost Act in 2019, effective January 1, 2020, and therefore inapplicable to appellant. *Id*.; *see also Hicks v. State*, No. 12-21-00082-CR, 2022 WL 598680, at *2 (Tex. App.—Tyler Feb. 28, 2022, no pet.) (mem. op., not designated for publication) (recognizing specialty court fee improperly assessed when offense date predated January 1, 2020).

After considering each cost challenge by appellant and the State's concessions, we sustain appellant's fifth issue. We now consider whether the trial court improperly assessed duplicative costs against appellant.

Appellant argues costs should be assessed only in trial court cause no. 366-84208-2018 (appellate cause no. 05-21-00444-CR) and the other bills of costs assessing $390 must be deleted. The State concedes most, but not all, of the fees are duplicative and suggests modifications to the bills of costs. As explained below, we agree with the State's costs analysis.

"In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a). For purposes of this rule, a person convicted of two or more offenses in the same trial or plea proceeding is convicted of those offenses in a "single criminal action." *Shuler v. State*, 650 S.W.3d 683, 690 (Tex. App.—Dallas 2022, no pet.).

Generally, the costs should be assessed in the case with the highest category offense but, when the convictions are for the same category of offense and the costs are the same, the costs should be assessed in the case with the lowest trial court cause number. *Id.*; *see also Thomas v. State*, No. 05-20-00114-CR, 2021 WL 2948550, at *2 (Tex. App.—Dallas June 30, 2021, pet. ref'd) (mem. op., not designated for publication) (citing TEX. CODE CRIM. PROC. ANN. art. 102.073(b)).

Trial court cause no. 366-84208-2018 (appellate cause no. 05-21-00444-CR) is the lowest trial court cause number; therefore, the costs and fees should be assessed under this cause number. After subtracting $83 for inapplicable fees discussed above from the $355 assessed, we modify the bill of costs in this case by removing $355 as the "Total Assessed" and "Balance Due" and replacing the "Total Assessed" and "Balance Due" with $272. We likewise modify the judgment to remove $355 from the space beneath "Court Costs" and insert "$272" in its place.

The trial court assessed $390 in costs in trial court cause no. 366-84209-2018 (appellate cause no. 05-21-00456-CR), the next lowest cause number. The $35 "Serving of a Writ Sherriff" fee should be assessed in this case because it was not included in trial court cause no. 366-84208-2018 and therefore is not duplicative. The $50 "Warrants" fee and the $5 "Ticket or Arrest without Warrant" fee, which are statutory required pursuant to Texas Code of Criminal Procedure article 102.011(e), are not duplicative. *See* TEX. CODE CRIM. PROC. ANN. art. 102.011(e); *see also Guerra v. State*, 547 S.W.3d 445, 447 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (noting plain language of statute indicates arrest fee applies to each conviction). Accordingly, we modify the bill of costs in this case by deleting the duplicative costs,[2] removing $390 as the "Total Assessed" and "Balance Due," and

---

[2] These duplicative costs include the following: (i) Clerk Fee $40.00, (ii) Court Technology Fund $4.00, (iii) Courthouse Security $10.00, (iv) Jury Trial $1.00, (v) Records Management Fee-District Clerk $25.00, (vi) Specialty Court County Fee $25.00, (vii) Approving Bond by Sheriff $10.00, and (viii) Consolidated Court Costs-Felony $185.00.

–21–

replacing the "Total Assessed" and "Balance Due" with $90. We likewise modify the judgment to remove $390 from the space beneath "Court Costs" and insert "$90" in its place.

The trial court assessed $390 in costs in trial court cause number 366-84210-2018 (appellate cause no. 05-21-00457-CR), the next lowest cause number. Other than the statutorily required $50 "Warrants" fee and the $5 "Ticket or Arrest without Warrant" fee, all other costs are duplicative and must be deleted. *See* TEX. CODE CRIM. PROC. ANN. art. 102.011(e); *see also Guerra*, 547 S.W.3d at 447. Accordingly, we modify the bill of costs in this case by deleting the duplicative costs, removing $390 as the "Total Assessed" and "Balance Due," and replacing the "Total Assessed" and "Balance Due" with $55. We likewise modify the judgment to remove $390 from the space beneath "Court Costs" and insert "$55" in its place.

The bill of costs in trial court cause numbers 366-84211-2018 (appellate cause no. 05-21-00458-CR) and 366-84212-2018 (appellate cause no. 05-21-00459-CR), suffer the same defects as 366-84210-2018. Accordingly, we modify the bills of costs in these cases by deleting the duplicative costs, removing $390 as the "Total Assessed" and "Balance Due," and replacing the "Total Assessed" and "Balance Due" with $55. We likewise modify the judgments to remove $390 from the space beneath "Court Costs" and insert "$55" in its place. We sustain appellant's fifth issue in part.

## Conclusion

As modified, we affirm the trial court's judgments.

/Erin A. Nowell//

ERIN A. NOWELL
JUSTICE

210444f.u05
210456f.u05
210457f.u05
210458f.u05
210459f.u05
Do Not Publish
Tex. R. App. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SEAN KRENZER, Appellant

No. 05-21-00444-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas Trial Court Cause No. 366-84208-2018.
Opinion delivered by Justice Nowell. Chief Justice Burns and Justice Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **REMOVE** the "X" under "Terms of Plea Bargain are attached and incorporated herein by this reference."

We **REMOVE** "$355" from the space beneath "Court Costs" and **INSERT** "$272" in its place.

Under the heading, "Furthermore, the following special findings or orders apply:," we **INSERT** the language, "The sentence in cause number 366-84208-2018 shall begin on the date of sentencing."

Additionally, the trial court's bill of costs is **MODIFIED** as follows:

We **REMOVE** the amount of "10.00" for "Courthouse Security Fee" and **INSERT** "$5.00" in its place.

We **REMOVE** the amount of "$1.00" for the "Jury Trial" fee.

We **REMOVE** the amount of "$25.00" for "Specialty Court County Fee."

–24–

We **REMOVE** the amount of "$185.00" for "Consolidated Court Costs-Felony" and **INSERT** "$133.00" in its place.

We **REMOVE** the amount of "$355.00" from the entries for "Total Assessed" and "Balance Due" and **INSERT** "272.00" for each entry.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of December, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

SEAN KRENZER, Appellant

No. 05-21-00456-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas Trial Court Cause No. 366-84209-2018.
Opinion delivered by Justice Nowell. Chief Justice Burns and Justice Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **REMOVE** the "X" under "Terms of Plea Bargain are attached and incorporated herein by this reference."

We **REMOVE** "$390" from the space beneath "Court Costs" and **INSERT** "$90" in its place.

Under the heading, "Furthermore, the following special findings or orders apply:," we **INSERT** the language, "The sentence in cause number 366-84209-2018 shall begin when the sentence imposed in 366-84208-2018 ceases to operate."

Additionally, the trial court's bill of costs is **MODIFIED** as follows:

We **REMOVE** the following charges: (i) Clerk Fee $40.00, (ii) Court Technology Fund $4.00, (iii) Courthouse Security $10.00, (iv) Jury Trial $1.00, (v) Records Management Fee-District Clerk $25.00, (vi) Specialty Court County Fee $25.00, (vii) Approving Bond by Sheriff $10.00, and (viii) Consolidated Court Costs-Felony $185.00.

We **REMOVE** the amount of "$390.00" from the entries for "Total Assessed" and "Balance Due" and **INSERT** "90.00" for each entry.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of December, 2022.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

SEAN KRENZER, Appellant

No. 05-21-00457-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas Trial Court Cause No. 366-84210-2018.
Opinion delivered by Justice Nowell. Chief Justice Burns and Justice Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **REMOVE** the "X" under "Terms of Plea Bargain are attached and incorporated herein by this reference."

We **REMOVE** "$390" from the space beneath "Court Costs" and **INSERT** "$55" in its place.

Under the heading, "Furthermore, the following special findings or orders apply:," we **INSERT** the language, "The sentence in cause number 366-84210-2018 shall begin when the sentence imposed in 366-84209-2018 ceases to operate."

Additionally, the trial court's bill of costs is **MODIFIED** as follows:

We **REMOVE** the following charges: (i) Clerk Fee $40.00, (ii) Court Technology Fund $4.00, (iii) Courthouse Security $10.00, (iv) Jury Trial $1.00, (v) Records Management Fee-District Clerk $25.00, (vi) Specialty Court County Fee $25.00, (vii) Approving Bond by Sheriff $10.00, (viii) Serving of a Writ Sheriff $35.00, and (ix) Consolidated Court Costs-Felony $185.00.

We **REMOVE** the amount of "$390.00" from the entries for "Total Assessed" and "Balance Due" and **INSERT** "55.00" for each entry.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of December, 2022.



## JUDGMENT

SEAN KRENZER, Appellant

No. 05-21-00458-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas Trial Court Cause No. 366-84211-2018.
Opinion delivered by Justice Nowell. Chief Justice Burns and Justice Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **REMOVE** the "X" under "Terms of Plea Bargain are attached and incorporated herein by this reference."

We **REMOVE** "$390" from the space beneath "Court Costs" and **INSERT** "$55" in its place.

Under the heading, "Furthermore, the following special findings or orders apply:," we **INSERT** the language, "The sentence in cause number 366-84211-2018 shall begin when the sentence imposed in 366-84210-2018 ceases to operate."

Additionally, the trial court's bill of costs is **MODIFIED** as follows:

We **REMOVE** the following charges: (i) Clerk Fee $40.00, (ii) Court Technology Fund $4.00, (iii) Courthouse Security $10.00, (iv) Jury Trial $1.00, (v) Records Management Fee-District Clerk $25.00, (vi) Specialty Court County Fee $25.00, (vii) Approving Bond by Sheriff $10.00, (viii) Serving of a Writ Sheriff $35.00, and (ix) Consolidated Court Costs-Felony $185.00.

We **REMOVE** the amount of "$390.00" from the entries for "Total Assessed" and "Balance Due" and **INSERT** "55.00" for each entry.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of December, 2022.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

SEAN KRENZER, Appellant

No. 05-21-00459-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas Trial Court Cause No. 366-84212-2018.
Opinion delivered by Justice Nowell. Chief Justice Burns and Justice Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **REMOVE** "6/5/2017" under the heading "Date of Offense" and **INSERT** "8/14/2017" in its place.

We **REMOVE** the "X" under "Terms of Plea Bargain are attached and incorporated herein by this reference."

We **REMOVE** "$390" from the space beneath "Court Costs" and **INSERT** "$55" in its place.

Under the heading, "Furthermore, the following special findings or orders apply:," we **INSERT** the language, "The sentence in cause number 366-84212-2018 shall begin when the sentence imposed in 366-84211-2018 ceases to operate."

Additionally, the trial court's bill of costs is **MODIFIED** as follows:

We **REMOVE** the following charges: (i) Clerk Fee $40.00, (ii) Court Technology Fund $4.00, (iii) Courthouse Security $10.00, (iv) Jury Trial $1.00, (v) Records Management Fee-District Clerk $25.00, (vi) Specialty

Court County Fee $25.00, (vii) Approving Bond by Sheriff $10.00, (viii) Serving of a Writ Sheriff $35.00, and (ix) Consolidated Court Costs-Felony $185.00.

We **REMOVE** the amount of "$390.00" from the entries for "Total Assessed" and "Balance Due" and **INSERT** "55.00" for each entry.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of December, 2022.